ROBERT G. SHAW, The (FOLGER v.). See Case No. 4,899.

---

## Case No. 11,891.

### The ROBERT J. MERCER.

[1 Spr. 284.] [1]

District Court, D. Massachusetts. Feb., 1855.

PILOTS—FEES—REMEDY—MASSACHUSETTS STATUTE.

1. By a statute of Massachusetts, a pilot, in certain cases, is entitled to his fees, although his services are refused.

[Cited in The Alaska, Case No. 129.]

2. But his claim for fees, upon tender of services on his part, and a refusal by the master to accept them, creates no lien on the vessel.

[Cited in The Williams, Case No. 17,710; The California, Id. 2,312.]

---

[1] [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

3. The pilot, in such case, has only a personal remedy.

[Cited in The America. Case No. 289. Cited, but not followed, in The Edith Godden, 25 Fed. 511.]

This was a libel in rem to enforce a lien against the schooner Robert J. Mercer, promoted by Ittal Perry, one of the pilots of Salem Harbor. The libel alleged that the vessel was of more than 200 tons burden, bound from another state, that the libellant hailed the vessel, outside the pilot's line, and offered to pilot her in, and that his offer was refused. He claimed compensation, under Rev. St. Mass. c. 32, § 12: "Any master of a vessel . . . who may choose to pilot his own vessel into or out of any port, shall be permitted so to do; but he shall, notwithstanding, be liable to pay to such pilot of the port as shall first come on board of his vessel, the full pilotage, according to the fees specified in his warrant." The owners of the vessel appeared, as claimants, and resisted the action, on the ground that if all the facts alleged by the libel were proved, (some of which were denied,) they gave the libellant no lien upon the vessel, but only a personal claim upon the master, or at most, upon the master and owners.

J. H. Prince, for libellant.
R. H. Dana, Jr., for claimants.

SPRAGUE, District Judge. By the general maritime law, a pilot has a lien upon a vessel for services actually rendered. But, in this case, there has been no service rendered and no contract for service. It is merely a case of volunteered services tendered and refused, which by the maritime law, creates not only no lien, but no debt. The lien, if it exists, must be sought for in the statute of Massachusetts. The statute, for reasons of policy, entitles the pilot to the same fees for proffered services refused, as for services rendered. The act gives no lien for such a claim, either in terms, or by necessary implication; and although the various provisions of the statute have been frequently before the supreme court of Massachusetts, there has been no intimation that a lien was created, nor is it known that a suit to enforce such a lien has ever been instituted. In Peroux v. Howard, 7 Pet. [32 U. S.] 341, the supreme court say, that while the admiralty will enforce a maritime lien created by a state law, yet, that it will not presume or intend that the local law has created such a lien, where the intention to do so is not adequately expressed by the legislature. The legislature of Massachusetts have given liens upon vessels, in other cases, by express terms; but have nowhere indicated an intention to do so for this peculiar claim.

And considering its nature and amount. and the ability of the master, in general, to discharge it, there seems to have been good reason for their giving only a personal remedy, and not subjecting the ship owners to the inconvenience and expense of an incumbrance upon the vessel, to be enforced by arresting her on admiralty process. Libel dismissed with costs.