## EX PARTE PENNSYLVANIA.

### APPLICATION FOR A WRIT OF PROHIBITION.

Submitted October 15th, 1883.—Decided November 5th, 1883.

*Appeal—Jurisdiction—Practice—Writ of Prohibition.*

1. The District Court of the U. S. for the Eastern District of Pennsylvania has jurisdiction over the claim of a pilot appointed under the laws of Delaware for fees when the vessel is seized within the jurisdiction of the court, and properly brought before it.
2. Where the evident purpose of an application for a writ of prohibition is the correction of a supposed error in a judgment on the merits, the court will not grant the writ.

The State of Pennsylvania by the act of 8th June, 1881, sec. 5, enacted that every vessel which is not spoken by a pilot outside of a straight line drawn between the capes of the Delaware shall be " exempt from the duty of taking a pilot on her voyage inward to the port of Philadelphia, and the vessel, as well as her master, owner, agent, or consignee, shall be exempt from the duty of paying pilotage, or half pilotage, or any penalty whatsoever, in case of her neglect or refusal so to do." The State of Delaware, by the act of 5th April, 1881, made it compulsory upon every vessel, except such as are solely coal laden, " passing in or out of the Delaware Bay by the way of Cape Henlopen," to receive a pilot. The vessel in this case did pass in by the way of Cape Henlopen, and was spoken by a Delaware pilot after she had entered the Capes. A Delaware pilot tendered his services to the incoming vessel within the exempted district bound for Philadelphia. The services being refused, the vessel was libelled in the District Court of the United States for the Eastern District of Pennsylvania to recover the legal fees for them. The claim was resisted on the ground that the court had no jurisdiction. The court allowed the claim, whereupon the attorney-general of the State of Pennsylvania applied to this court for a writ of prohibition to the court below, directing it to refrain from any further proceedings in the case.

*Mr. L. C. Cassidy*, Attorney-General of Pennsylvania, *Mr. Mr. H. G. Ward* and *Mr. M. P. Henry* in support of the suggestion.

1. The writ of prohibition is the proper remedy. A court may act beyond its jurisdiction in taking cognizance of a particular cause of action, although within its general jurisdiction. When it clearly appears that the court below has exceeded its proper powers, this complete remedy is the proper one. The brief cites and discusses *Quimbo Appo* v. *The People*, 20 N. Y. 531; *State* v. *Ridgell*, 2 Bailey, 560; *Ex parte Gordon*, 104 U. S. 515; *Ex parte Ferry Co.*, 104 U. S. 519; *Ex parte Hagar*, 104 U. S. 520; *The Chaskieh*, L. R. 8 Q. B. D. 197; *United States* v. *Peters*, 3 Dall. 121; *Ex parte Easton*, 95 U. S. 68; *Devoe Manufacturing Company*, 108 U. S.

2. The State of Delaware has no power to impose compulsory pilotage on vessels bound to Pennsylvania ports. Pilotage is a port regulation. A vessel is only subject to the pilotage laws of the port to which it is bound. *Cooley* v. *Board of Wardens*, 12 How. 299; *Gibbons* v. *Ogden*, 9 Wheat. 1; *Smith* v. *Condry*, 1 How. 28; *The China*, 7 Wall. 53; *The Annapolis*, Lush. 295.

*Mr. Thomas F. Bayard, Mr. Curtis Tilton*, and *Mr. Henry Flanders*, against the suggestion, cited *Wilson* v. *McNamee*, 102 U. S. 572; Rev. St. §§ 4235, 4236; *The Clymene*, 9 Fed. Rep. 164; *The Clymene*, 12 Fed. Rep. 346; *The Alzena*, 14 Fed. Rep. 174; *Flanigen* v. *Washington Ins. Co.*, 7 Barr, 306; *Cooley* v. *The Board of Wardens*, 12 How. 299, 312; *Steamship Co.* v. *Joliffe*, 2 Wall. 450, 457; *Ex parte McNeil*, 13 Wall. 236, 342; and the cases from 104 U. S. cited on the other side.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We are unable to distinguish this case in principle from *Ex parte Hagar*, 104 U. S. 520, where it was held on the authority of *Ex parte Gordon*, id. 515, that as the admiralty court had jurisdiction of the vessel sued, and the subject-matter of the suit, it could not be restrained by a writ of prohibition from deciding all questions properly arising in that suit. This, like that, is a suit for pilotage fees, and the question is, whether

a statute of Delaware, under which the fees are claimed, is valid. If valid in Delaware it is in Pennsylvania, and the court sitting in Pennsylvania is as competent to decide that question in a suit of which it has jurisdiction, as a court in Delaware. The jurisdiction of the court in Pennsylvania is no more dependent on the validity of the law than was that of the court in Delaware. The subject-matter of the suit is a claim of a Delaware pilot for his pilotage fees under a Delaware statute, and the sole question in the case is, whether the fees are recoverable. The vessel when seized was confessedly within the jurisdiction of the court in Pennsylvania, and she was properly brought into court to answer the claim which was made upon her. About that there is no dispute, as there was at the last term in *Devoe Manufacturing Company,* 108. U. S., where the question was as to the right of the court in New Jersey to send its process to the place where the seizure was made. There the question was as to the jurisdiction of the court over a particular place; here as to the liability of a vessel confessedly seized within the territorial jurisdiction of the court upon a claim subject to judicial determination in an admiralty proceeding. The evident purpose of this application is to correct a supposed error in a judgment of an admiralty court on the merits of an action. That cannot be done by prohibition. The remedy, if any, is by appeal. If an appeal will not lie, then the parties are concluded by what has been done. Congress alone has the power to determine whether the judgment of a court of the United States, of competent jurisdiction, shall be reviewed or not. If it fails to provide for such a review, the judgment stands as the judgment of the court of last resort, and settles finally the rights of the parties which are involved.

*The petition is dismissed.*