## THE EDITH GODDEN.

### SYLVESTER v. THE EDITH GODDEN.

*(District Court, S. D. New York. July 6, 1885.)*

**PILOTS—NEW JERSEY STATUTE—LIBEL IN REM.**
> The steam-ship Edith Godden, bound from Jamaica to New York, was spoken by a pilot from his boat, off Little Egg harbor; but the steamer refused to stop, and came into port without a pilot, and the pilot filed a libel under the statute of New Jersey, which enacts that in such case the pilotage shall be paid to the pilot who first spoke or offered his services to the vessel. *Held,* that he was entitled to recover.

In Admiralty.

*Whitehead, Parker & Dexter,* for libelant.

*Jas. K. Hill, Wing & Shoudy,* for claimant.

BROWN, J.   The circumstantial narrative of the pilots in this case satisfies me that the facts which they relate occurred in substance as stated; and the subsequent admission by Capt. Thompson that he had declined the pilot's services on the inward voyage is sufficient to identify the date as near the middle of August.   Upon the merits, therefore, I think the pilot has sufficiently made out his claim, in accordance with the statutes of New Jersey, to be paid for his services, which were offered and rejected.   The right to enforce such claims by libel *in rem* has been repeatedly sustained, even where the state statute did not, in express terms, make the vessel liable.   *The Glencarne,* 7 Fed. Rep. 604; *The Lord Clive,* 10 Fed. Rep. 135.   The supreme court, in the cases of *Steam-ship Co.* v. *Joliffe,* 2 Wall. 450, 457, and of *Ex parte McNiel,* 13 Wall. 236, 242, has expressly declared that the obligation to pay these pilotage fees under state statutes, where the pilot's services are tendered and refused, is a liability upon a *contract* implied by the statute.   LOWELL, J., in the case of *The America,* 1 Low. 176, says:   "The suit is for an offer which the law makes equivalent to actual service."   Contract obligations in the navigation of the ship are enforceable *in rem* as well as *in personam.*   These adjudications as to the nature of the obligation, made since the decision of Judge BETTS and Judge SPRAGUE in the cases of *The George Law,* 6 Amer. Law Reg. 368, and of the *The Robert J. Mercer,* 1 Spr. 284, in effect overrule the decisions in the cases last named.

In various other cases since, where writs of prohibition were refused by the supreme court, the proceedings were *in rem.*   *Ex parte Hagar,* 104 U. S. 520; *Ex parte Pennsylvania,* 109 U. S. 174; S. C. 3 Sup. Ct. Rep. 84.   In view of the nature of the obligation as adjudged by the supreme court, namely, an implied contract made in the course of the navigation of the ship, it is immaterial whether the state statute in terms gives a lien on the ship or not.   From the fact that the obligation is one of contract, the admiralty has jurisdiction

to enforce the obligation by any appropriate form, whether *in rem* or *in personam*.    *Ex parte McNiel*, 13 Wall. 243; *The George S. Wright,* Deady, 591; *The California*, 1 Sawy. 463, 467; *The William Law*, 14 Fed. Rep. 792.    Rule 14 of the supreme court in admiralty expressly authorizes a proceeding *in rem* for pilotage; and if, as Judge LOWELL says, the offer of pilotage is by statute made equivalent to actual service, then this rule would seem to be an express authority for a suit *in rem*.    Judgment must therefore be rendered for the libelant. with costs.