EX PARTE: IN THE MATTER OF DAVIS, DIREC-
     TOR GENERAL OF RAILROADS, ETC., PETI-
     TIONER.

PETITION FOR A WRIT OF PROHIBITION AND/OR MANDAMUS.

No. 27, Original.   Argued on return to rule to show cause April
               16, 1923.—Decided May 21, 1923.

1. Where the District Court, after due hearing, overruled objections
     to its jurisdiction and made an interlocutory order, *held,* that a
     mandamus from this Court was not the proper remedy for correct-.
     ing its action, if erroneous. *Ex parte Roe,* 234 U. S. 70.  P. 275.
2. Prohibition will not issue to forbid the District Court from pro-
     ceeding with a suit, for want of jurisdiction, when it is not clear
     that jurisdiction is absent, and when there is no imperative reason

why error, in that regard, should be corrected by prohibition rather than by appeal. *Id.*

Rule discharged; petition denied.

PETITION for mandamus or prohibition to restrain the District Court from entertaining jurisdiction of a suit in admiralty to recover damages from the Director General of Railroads, for a maritime tort.

*Mr. T. Catesby Jones,* with whom *Mr. James W. Ryan, Mr. Evan Shelby* and *Mr. D. Roger Englar* were on the briefs, for petitioner.

*Mr. Mark Ash,* with whom *Mr. Edward Ash* was on the briefs, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The petitioner seeks a writ of prohibition or mandamus commanding the judges of the District Court, Southern District of New York, not to take further steps in an admiralty proceeding instituted by the New Jersey Shipbuilding & Dredging Company to recover from him for damage inflicted upon its scow by the Lehigh Valley Railroad Company's steamtug " Mahanoy " while under federal control, or in the alternative to direct vacation of an interlocutory order theretofore entered and dismiss the libel. A rule to show cause issued out of this Court and return has been made showing the relevant facts and circumstances.

The District Court after hearing ruled upon the matters presented for its determination and, under settled doctrine, we can find no occasion for mandamus. *Ex parte Roe,* 234 U. S. 70.

Involved in the cause are questions touching the liability of the Director General of Railroads as Agent designated by the President under the Transportation Act of 1920 for maritime torts committed by vessels un-

der federal control; his power to enter appearance by counsel without prior service of process; and whether in the same proceeding he may take different and antagonistic positions, first as the agent of one railroad system and then of another.

We cannot say the court below was clearly without jurisdiction to determine all the points presented. Moreover, by appeal in the ordinary way possible errors can be corrected; and there is no imperative reason for awarding a writ of prohibition. *Ex parte Gordon,* 104 U. S. 515; *Ex parte Pennsylvania,* 109 U. S. 174; *In re Cooper,* 143 U. S. 472, 495; *In re Morrison,* 147 U. S. 14; *In re New York & Porto Rico S. S. Co.,* 155 U. S. 523; *Ex parte Chicago, Rock Island & Pacific Ry. Co.,* 255 U. S. 273, 275, 280.

The rule to show cause is discharged and the prayer of the petition is denied.

*Rule discharged.*