262 U.S. 274
 43 S.Ct. 574
 67 L.Ed. 979
 In re DAVIS, Director General of Railroads.
 No. 27, Original.
 
 Argued on Return to Rule to Show Cause April 16, 1923.
 Decided May 21, 1923.
 Mr. T. Catesby Jones, of New York City, for petitioner.
 Mr. Mark Ash, of New York City, for respondent.
 Mr. Justice McREYNOLDS delivered the opinion of the Court.
 
 
 1
 The petitioner seeks a writ of prohibition or mandamus commanding the judges of the District Court, Southern District of New York, not to take further steps in an admiralty proceeding instituted by the New Jersey Shipbuilding & Dredging Company to recover from him for damage inflicted upon its scow by the Lehigh Valley Railroad Company's steam tug Mahanoy while under federal control, or in the alternative to direct vacation of an interlocutory order theretofore entered and dismiss the libel. A rule to show cause issued out of this court and return has been made showing the relevant facts and circumstances.
 
 
 2
 The District Court, after hearing, ruled upon the matters presented for its determination, and, under settled doctrine, we can find no occasion for mandamus. Ex parte Roe, 234 U. S. 34 Sup. Ct. 722, 58 L. Ed. 1217.
 
 
 3
 Involved in the cause are questions touching the liability of the Director General of Railroads, as Agent designated by the President under the Transportation Act of 1920 (41 Stat. 456), for maritime torts committed by vessels under federal control, his power to enter appearance by counsel without prior service of process, and whether in the same proceeding he may take different and antagonistic positions, first as the agent of one railroad system and then of another.
 
 
 4
 We cannot say the court below was clearly without jurisdiction to determine all the points presented. Moreover, by appeal in the ordinary way possible errors can be corrected, and there is no imperative reason for awarding a writ of prohibition. Ex parte Gordon, 104 U. S. 515, 26 L. Ed. 814; Ex parte Pennsylvania, 109 U. S. 174, 3 Sup. Ct. 84, 27 L. Ed. 894; In re Cooper, 143 U. S. 472, 495, 12 Sup. Ct. 453, 36 L. Ed. 232; In re Morrison, 147 U. S. 14, 13 Sup. Ct. 246, 37 L. Ed. 60; In re New York & Porto Rico Steamship Co., 155 U. S. 523, 15 Sup. Ct. 183, 39 L. Ed. 246; Ex parte Chicago, R. I. & P. Ry. Co., 255 U. S. 273, 275, 280, 41 Sup. Ct. 288, 65 L. Ed. 631.
 
 
 5
 The rule to show cause is discharged, and the prayer of the petition is denied.