**EX PARTE IN THE MATTER OF CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, PETITIONER.**

ON PETITION FOR WRIT OF PROHIBITION AND/OR WRIT OF MANDAMUS.

No. 24, Original.    Argued December 13, 1920.—Decided February 28, 1921.

1. A writ of prohibition, or of mandamus, to restrain a lower court from assuming jurisdiction, will ordinarily be denied if the lower court's jurisdiction is doubtful, or depends upon findings of fact made upon evidence not in the record; or if the complaining party has another adequate remedy by appeal or otherwise. Pp. 275, 280.
2. The immunity of a person from suit in a district whereof he is not an inhabitant (Jud. Code, § 51) can be waived; and ordinarily is waived by a general appearance. P. 279.
3. In a creditor's suit resulting in a receivership of a railroad company and in a reference to ascertain claims, bonds of the company were actively asserted by the bondholders' committee and the mortgage trustee, and counsel for present petitioner, a large holder of the bonds, appeared in its behalf before the special master as one of the counsel for the committee. *Held:* (1) That the District Court had

jurisdiction to determine, in the first instance, whether petitioner
had appeared generally; and that it also had jurisdiction to deter-
mine (2) whether a cross-bill, subsequently filed by the defendant
railroad company, seeking to avoid the bonds for petitioner's alleged
fraud in procuring their issuance and to hold petitioner liable on
account of interest paid and bonds negotiated to *bona fide* holders,—
was germane to the earlier proceedings on behalf of the bonds; and
(3) whether in view of such earlier proceedings and general appear-
ance petitioner was subject to such further proceedings by cross-
bill as fully as if the earlier action had been taken in its name as well
as on its behalf. P. 279.
Rule discharged and petition dismissed.

THE case is stated in the opinion.

*Mr. Lawrence Maxwell* and *Mr. William L. Day,*
with whom *Mr. Joseph S. Graydon* was on the briefs, for
petitioner.

*Mr. Thurlow M. Gordon,* with whom *Mr. Joseph P.
Cotton* was on the brief, for other bondholders, in opposi-
tion to the petition.

*Mr. Geo. D. Welles,* with whom *Mr. Thos. H. Tracy* was
on the brief, for Toledo, St. Louis & Western Railroad
Company, in opposition to the petition.

MR. JUSTICE BRANDEIS delivered the opinion of the
court.

The Chicago, Rock Island & Pacific Railway Company,
commonly called the Rock Island, filed in this court a peti-
tion in which it alleged that the District Court of the
United States for the Northern District of Ohio, Western
Division, was undertaking to proceed against it personally
in a suit therein pending; that the Rock Island had not
voluntarily become a party to the suit, had not been
served with process, and could not under § 51 of the Judicial

Code be made a party without its consent, since it was organized under the laws of Illinois and Iowa and was not a citizen or resident of Ohio; and it prayed for a writ of prohibition, or in the alternative a writ of mandamus, to prevent the court from proceeding further against it.   The suit in which it is sought to proceed personally against the Rock Island is one brought by an Ohio creditor of the Toledo, St. Louis and Western Railroad Company, an Indiana corporation, for the appointment of a receiver for that corporation.   The particular proceeding by which the personal liability is asserted is a cross-bill which was filed by the Toledo Company against the Rock Island after the appointment of the receiver and after the Rock Island had appeared before a special master for the purpose of protecting its interests in an issue of the Toledo Company's bonds.  A rule was granted and the case is now before us on the petition and return.  The main questions argued here were whether upon the facts there stated the Rock Island had become a party to the suit and subjected itself generally to the jurisdiction of the court; and, if it had not, whether the case is one which entitles the petitioner to either of the extraordinary remedies applied for.

There is a well-settled rule by which this court is guided upon applications for a writ of prohibition to prevent a lower court from wrongfully assuming jurisdiction of a party, of a cause, or of some collateral matter arising therein.   If the lower court is clearly without jurisdiction the writ will ordinarily be granted to one who at the outset objected to the jurisdiction, has preserved his rights by appropriate procedure and has no other remedy.   *In re Rice*, 155 U. S. 396.   If, however, the jurisdiction of the lower court is doubtful, *Ex parte Muir*, 254 U. S. 522; or if the jurisdiction depends upon a finding of fact made upon evidence which is not in the record, *In re Cooper*, 143 U. S. 472, 506, 509; or if the complaining party has an adequate remedy by appeal or otherwise, *Ex parte Tiffany*, 252 U. S.

32, 37; *Ex parte Harding*, 219 U. S. 363; the writ will ordinarily be denied. Tested by this rule the case presented by the petition and the return does not entitle the Rock Island to this extraordinary remedy.

The original bill filed against the Toledo Company in the Northern District of Ohio, Western Division, alleged, among other things, that it had defaulted on an issue of $11,527,000 Collateral Trust Gold Bonds, secured by stock of the Chicago & Alton Railroad Company held by the Central Trust Company of New York, as trustee for the bondholders. These bonds were divided into two classes having somewhat different rights and interests. A single bondholders' committee was formed to protect both classes of bonds. Of the "A" bonds $6,480,000 were outstanding; and of these $5,248,000 were deposited with the committee,—$400,000 of them by the Rock Island. Of the "B" bonds $5,047,000 were outstanding all of which were deposited with the committee by the Rock Island. The special master was directed to ascertain and report the amount, character, lien and priority of all claims; and creditors were notified to present before him their respective claims duly verified, or to file bills of intervention. The bondholders' committee then filed a petition praying that the suit be dismissed as collusive and, in the alternative, that judgment be rendered for the committee in the amount of the face value of the bonds held by it, aggregating $10,295,000 and accrued interest. To that petition an answer in the nature of a cross-bill was filed by the plaintiff who prayed that the committee's petition be held to be an intervention, that the receiver be directed to defend against the bonds held by the committee, and that these bonds be ordered surrendered, if found to be invalid. By leave of court, the committee withdrew its petition, and sought its relief by a dependent bill. An order was thereupon entered making the committee a party defendant to the original bill with leave to answer and file a

cross-bill.   This it did; and the Central Trust Company also filed a cross-bill to foreclose the lien on the Chicago & Alton stock held as security for the Collateral Trust Bonds.   An order was then made referring the case, on the issues raised by the several pleadings, to the special master to take testimony and report.

At the beginning of the taking of testimony before the special master the appearances of counsel were formally noted by the master, among others, as follows:

"Lawrence Maxwell, Esq., and J. P. Cotton, Esq., appearing for the Bondholders' Committee, Mr. Maxwell appearing to represent the interest of the Rock Island Company, and Mr. Cotton representing the 'A' bonds."

Thereafter the Toledo Company filed an answer and cross-bill in which it claimed, among other things, that the whole issue of the Collateral Trust Bonds was void on account of fraud practiced by the Rock Island; that the Rock Island was liable for all amounts theretofore paid by the Toledo Company on the bonds in excess of dividends received on the Chicago & Alton stock; and that it was liable also for all amounts which the Toledo Company might be required to pay thereafter on account of any of the series "A" bonds which the court should hold to be valid obligations because they had passed into the hands of innocent holders.   The cross-bill of the Toledo Company prayed that the necessary accounting be had; that the Rock Island be declared to be a party; that it be required to answer; and that in default of answer a decree be entered against it *pro confesso*.   An order was entered in accordance with the prayer of the bill and notice thereof was served on Mr. Maxwell as its solicitor.   His name had not appeared as counsel on any pleading filed by the committee.

The Rock Island then filed a motion which stated: "Appearing solely for the purpose of the motion and not intending to submit itself to the jurisdiction of this court

as a party to this suit, moves the court to set aside its
finding in the order entered herein March 11, 1918, that
the Chicago, Rock Island & Pacific Railway Company has
heretofore entered its appearance as a party to this suit
and its order  .  ;  . ; on the ground that the court was
without jurisdiction to make said order, or over this
defendant as a party to the cross-bill."

This motion was overruled and an order was entered
requiring answer within twenty days. Thereupon a
further motion was made by the Rock Island in which,
renewing its claim that it had not entered its appearance
and asserting that the court was without jurisdiction over
it as a defendant to the Toledo Company's cross-bill, "or
at all, especially in respect of the pretended cause of action
therein set up for the recovery of moneys from it, moves
to dismiss so much of said cross-bill as seeks to recover
moneys from the Chicago, Rock Island & Pacific Rail-
way Co. upon the ground that it is not suable in this
suit in this District upon said pretended cause of action,
not being an inhabitant of the District or of the State of
Ohio, and neither it nor the Cross Complainant being a
resident of the District or State."

This motion also was overruled; and thereupon this
petition for a writ of prohibition or of mandamus was
filed.

The return of the District Court stated that the Toledo
Company's answer had alleged that the Rock Island had
intervened in its own right and had become a party to the
cause; that at the hearing upon such answer evidence was
introduced; and that service thereof was admitted by its
solicitor as such. The return further recited:

"The evidence upon which the court acted in making
the findings and orders of which complaint is made in
said petition is not set out in said petition. Respondent
denies the statement in the brief for petitioner that 'The
only basis for the claim that the District Court has

jurisdiction of the person of the Rock Island Company is that Mr. Maxwell entered its appearance by appearing as counsel for the Bondholders' Committee.' The original entry of appearance by Mr. Maxwell quoted in the petition and in the brief is only one item out of a large number of items of evidence considered by the court on this point.

"No steps were taken by petitioner to preserve and have certified a record of the evidence submitted on the hearings of said motions or to obtain a review of the orders complained of by appeal or error proceedings."

It is argued on these facts that the District Court did not acquire jurisdiction to enforce the personal liability of the Rock Island asserted in the cross-bill of the Toledo Company; but, applying the rule stated above, that question should not be decided in this proceeding. The most that can be said against the District Court's jurisdiction is that it is in doubt. And the return recites that the order which declared that the Rock Island became a party rests upon evidence which has not been embodied in the record. The immunity of the Rock Island from suit in the Northern District of Ohio, conferred by § 51 of the Judicial Code, could be waived; *In re Moore*, 209 U. S. 490; and ordinarily a general appearance operates as a waiver. *Gracie* v. *Palmer*, 8 Wheat. 699. The District Court obviously had jurisdiction to determine, in the first instance, whether the Rock Island had entered a general appearance. *Jones* v. *Andrews*, 10 Wall. 327. It had jurisdiction also to determine whether the relief sought in the Toledo Company's cross-bill was in its nature germane to the proceedings theretofore instituted in the suit by the bondholders' committee or by the Central Trust Company, so that the rights asserted in the cross-bill could be properly litigated in that suit. *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Third National Bank of Chicago*, 134 U. S. 276, 287. And finally, it had jurisdiction to determine whether the fact that such earlier proceeding had been

instituted on behalf of the Rock Island, that it had actively participated in the conduct thereof, and to that end had entered a general appearance, made it subject to further proceedings thereon by way of cross-bill, as fully as if the earlier action had been taken in its name as well as on its behalf. Compare also *Ex parte Gordon,* 104 U. S. 515; *Globe Refining Co.* v. *Landa Cotton Oil Co.,* 190 U. S. 540; *In re Pollitz,* 206 U. S. 323. If in the judgment of the Rock Island the District Court erred in the decision of any one or all of these questions it will have its remedy by appeal, unless it has failed to preserve by appropriate procedure that right of review. The same considerations lead to a denial also of the writ of mandamus. *Ex parte Roe,* 234 U. S. 70.

*Rule discharged and petition dismissed.*

MR. JUSTICE DAY took no part in the consideration or the decision of this case.