886

Petition of THERIANOS et al.

No. 9862.

United States Court of Appeals
Third Circuit.

Argued Dec. 20, 1948.

Decided Dec. 27, 1948.

Philip Dorfman, of Philadelphia, Pa.,
for petitioners.

Thomas F. Mount, of Philadelphia, Pa.,
for respondent.

Before BIGGS, Chief Judge, and
GOODRICH and KALODNER, Circuit
Judges.

BIGGS, Chief Judge.

We shall state in this opinion only what
we deem to be essential for the disposition
of the instant petition. The Consular Rep-
resentative of the Consulate General of
Greece, the Honorable A. Georgakopoulos,
filed a petition in the United States District
Court for the Eastern District of Penn-
sylvania seeking the arrest and imprison-
ment of four seamen of Greek nationality,
Therianos, Kasmas, Andreou and Zannos
in order to remove them from the S. S.
Syros, a privately owned vessel sailing un-
der Greek registry, now in the Port of
Philadelphia. The Consular Representa-
tive in his petition alleged, inter alia, that
the four seamen had been discharged and
directed to report to the Consul General
for repatriation to Greece because they
had committed certain offenses against the
Penal and Discipline Code of the Merchant
Law of Greece and are presently under in-
dictments to be tried by the criminal court
at Piraeus. The consular representative's
petition is based on R.S. §§ 4079, 4080 and
4081, 22 U.S.C.A. §§ 256, 257 and 258, and
upon Article XII of the Convention of De-
cember 2, 1902, proclaimed July 11, 1903,
33 Stat. 2122, as amended, negotiated by
the United States and Greece.

■ Article XII of the Treaty as
amended excludes wage disputes from the
jurisdiction of consular representatives be-

cause of the provisions of the Seamen's Act of March 4, 1915, the Treaty having been amended to conform to the law of the United States in these particulars.[1] The seamen excepted to the petition and the District Court overruled the exceptions. Petition of Georgakopoulos, 81 F.Supp. 411. The District Court has not yet entered an order upon its opinion or proceeded to final hearing. The four seamen have filed a petition to this court for a writ of prohibition directed to the District Court to stay all proceedings therein upon the ground that that court lacks jurisdiction.

There is a substantial dispute between the parties as to the facts upon which the petition of the Consular Representative is bottomed. It is clear that if the dispute is one respecting wages, as is asserted by the petitioners, the provisions of Article XII of the Treaty will not serve to confer jurisdiction upon the District Court.

The jurisdiction of the District Court to act upon the petition is also attacked on other grounds: first, it is argued that there has been no proclamation by the President of the United States pursuant to the last sentence of R.S. § 4079, 22 U.S.C.A. § 256, to the effect that Greece has made provision similar to that of our federal statute for executing the Treaty; and second, that the ambit of the first paragraph of Article XII is not sufficiently broad to afford the relief which the Consular Representative seeks because the "differences", referred to in the paragraph, are not such as grow out of "the internal order" of the Syros.

In the absence of findings of fact by the District Court respecting the exact nature of the dispute, we may not decide the question whether that court is without jurisdiction. As presently informed we cannot say that the District Court "is clearly without jurisdiction." This is required if the writ sought by the petitioners is to issue. See In re Rice, 155 U.S. 396, 15 S.Ct. 149, 39 L.Ed. 198. Assuming arguendo that position most favorable to the seamen, we can presently say only that the jurisdiction of the court below may perhaps be doubtful. Ex parte Muir, 254 U.S. 522, 41 S.Ct. 185, 65 L.Ed. 383. The District Court has not reached the stage of fact finding. Cf. In re Cooper, 143 U.S. 472, 506, 12 S.Ct. 453, 36 L.Ed. 232. Moreover, we can perceive no reason why the four seamen will not have an adequate remedy by way of appeal if the decision of the District Court should require their arrest. Ex parte Tiffany, 252 U.S. 32, 37, 40 S.Ct. 239, 64 L.Ed. 443. See also In re Eastman Kodak Co., 3 Cir., 48 F.2d 125, 127.

The rights of the petitioners can be fully protected without the issuance of a writ of prohibition. An immediate appeal may be taken from the order of the District Court and the execution of that court's order may be held in abeyence pending an application to us for a stay pursuant to the "All Writs" Section of the Judicial Code, Section 1651 of Title 28, U.S.C.A.

We are not unmindful that the delays caused by the requirements of orderly procedure may be expensive to the petitioners and to the Syros, which is awaiting disposition of the controversy in order to sail from the Port of Philadelphia, but we can perceive no adequate reason why the proceeding in the District Court should be truncated by issuance of a writ of prohibition at this juncture.

Accordingly the petition of the four seamen will be dismissed without prejudice.

---

[1] The abrogation of parts of Article XII pursuant to notice given by the United States and accepted by Greece in 1916 to cause the provisions of Article XII to conform with the applicable provisions of the Seamen's Act of March 4, 1915, 46 U.S.C.A. § 597, is material. See Sections 16 and 17, 22 U.S.C.A. § 258, and Section 18 of the Act of Congress of March 4, 1915, 38 Stat. 1164, 1184. The Seamen's Act gave " * * * to the civil courts of the United States jurisdiction over wage controversies arising within our jurisdiction." Sandberg v. McDonald, 248 U.S. 185, 196, 39 S.Ct. 84, 86, 63 L.Ed. 200.