AMERICAN AIRLINES, Inc. et al. v. FORMAN, Judge.

SLICK AIRWAYS, Inc. v. AMERICAN AIR- LINES, Inc. et al.

Nos. 10917, 10922.

United States Court of Appeals Third Circuit.

Argued March 3, 1953.

Decided April 8, 1953.

Morrison, Lloyd & Griggs, Hackensack, N. J., for petitioner and defendant-appellant American Airlines, Inc., on the brief (Debevoise, Plimpton & McLean, New York City, of counsel).

Stryker, Tams & Horner, Newark, N. J., for petitioner and defendant-appellant, United Air Lines, Inc., on the brief (Mayer, Meyer, Austrian & Platt, Chicago, Ill., of counsel).

Katzenbach, Gildea & Rudner, Trenton, N. J., for petitioner and defendant-appel-

lant, Transcontinental & Western Air, Inc., on the brief (Chadbourne, Parke, White-side, Wolff & Brophy, New York City, of counsel).

Pitney, Hardin & Ward, Newark, N. J., for petitioner and defendant-appellant, Air Cargo, Inc., on the brief.

Minton, Dinsmore & Lane, Trenton, New Jersey, Steptoe & Johnson, Washington, D. C., for intervening respondent and plaintiff-appellee, on the brief (Arnold, Fortas & Porter, Washington D. C., of counsel).

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

These two proceedings have the single purpose of obtaining a review of an order of the District Court for the District of New Jersey denying a defense motion to dismiss the complaint in a civil action for money damages.

On its face the complaint states a familiar type of claim for treble damages[1] under the anti-trust laws. The plaintiff, Slick Airways, alleges that it has been injured by a conspiracy of its competitors, the defendant air lines, to drive it out of the air freight business.

The defendants moved to dismiss the complaint because in their view the court could not adjudicate the merits of this controversy without unlawfully encroaching upon the primary jurisdiction of the Civil Aeronautics Board over a broad range of matters involved in or affecting the commercial transportation of freight by air.

Full hearing on the motion and a rehearing are reflected in two elaborate opinions by the district court and a consequent order denying the motion without prejudice to its renewal after answer and the more precise framing of the actually contested issues through appropriate pretrial procedure. 1952, 107 F.Supp. 199. From this order defendants have appealed. They also have filed as a separate original proceeding in this court a "Petition for Writ of

Certiorari or Mandamus or Prohibition" asking that we restrain the district court from going forward with the anti-trust action in normal course as it proposes.

We consider first the appeal and a motion to dismiss it filed by appellee.

Appellants concede that they are attempting to appeal from an order that is not final. Therefore, if we have jurisdiction at all it must be by virtue of Section 1292(1) of Title 28 of the United States Code. Narrowing the issue still further, appellants assert that we have jurisdiction under the provision of Section 1292(1) which enables us to entertain appeals from "Interlocutory orders of the district courts * * * refusing * * * injunctions * * *." It is argued that when the district court denied the motion to dismiss the complaint it "refused an injunction" in the sense that it refused to stay its own hand. This analysis is said to be in line with Enelow v. New York Life Insurance Co., 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L. Ed. 440, and Ettelson v. Metropolitan Life Insurance Co., 1942, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176. But these cases concerned interlocutory decision on equitable defenses interposed in actions at law. Here we have a simple motion to dismiss for lack of jurisdiction. And the stated willingness of movant to accept a "stay" rather than out-right dismissal did not change the essential character of the pleading.

Moreover, the vitality of the Enelow and Ettelson doctrine is now at least gravely impaired by City of Morgantown, W. Va. v. Royal Insurance Co., 1949, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347. Whether the impairment is fatal the majority of the Supreme Court did not decide, and we shall not anticipate that decision. But we do think the manifest attitude of the Supreme Court in Morgantown is such that Enelow and Ettelson should be restricted to cases clearly within their purview. They should not be substantially extended as appellants' position would require here.

---

1. As originally filed the complaint also contained a prayer for injunctive relief. But timely withdrawal of that prayer has made its original inclusion irrelevant to the present proceedings.

In addition, this case involves our rationalization of the "refusing an injunction" clause of Section 1292(1), elaborated in Morganstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160. There we analysed an order denying a motion for summary judgment as merely causing a postponing of decision on issues until later in the lawsuit. Therefore, it lacked that substantial effect upon the rights of the parties which would be necessary to bring it within the policy of Section 1292 (1) in favor of a restricted group of interlocutory appeals. Thus, there was nothing to justify any broad construction of the language of the statute to cover such a situation. Similarly, in the present case the court has declined to stop the proceeding at this early stage, yet has made it clear that the request may be renewed and will be considered again before trial if the moving party so desires after pretrial clarification of issues. Thus, this case, like the Morganstern case, is as far outside of the policy of Section 1292(1) as it is beyond the literal provisions of that subsection. We have no authority to entertain this interlocutory appeal.

▮ The case for relief by mandamus or prohibition is no better. Although this extraordinary relief is technically the subject of a separate suit initiated in this court, it is being sought as an alternative means of obtaining immediate review of an interlocutory order which can as effectively[2] be reviewed, if need be, by appeal after the district court shall have finished with the principal lawsuit. For jurisdictional purposes it is argued by the petitioners that we can and should act under Section 1651 (a) of Title 28 of the United States Code which authorizes us to issue "all writs necessary or appropriate in aid of [our] * * * jurisdictions and agreeable to the usages and principles of law." But the relief sought here is not "in aid of" our appellate jurisdiction. Rather, it is an unwarranted anticipation of that jurisdiction. Statutory restrictions upon our review of interlocutory orders cannot be circumvented by such resort to petitions for mandamus and prohibition. Our position in this regard is currently stated and elaborated, with a review of the precedents in this Circuit, in Pennsylvania Railroad Company v. Kirkpatrick, 3 Cir., 203 F.2d 149.

It is true that this petition, unlike that in Pennsylvania Railroad Company v. Kirkpatrick, challenges what can fairly be called a jurisdictional ruling. But that difference alone is not enough to make a peremptory writ appropriate. See Ex parte Chicago, R. I. & Pac. Ry. Co., 1921, 255 U.S. 273, 275–276, 41 S.Ct. 288, 65 L.Ed. 631. The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus or prohibition even though on normal appeal a reviewing court might find reversible error. We so held most recently in Pennsylvania Turnpike Commission v. Welsh, 3 Cir., 1951, 188 F.2d 447. Accord: Petition of Therianos, 3 Cir., 1948, 171 F.2d 886; Hazeltine Corp. v. Kirkpatrick, 3 Cir., 1948, 165 F.2d 683.

Thus tested, the present case is obviously inappropriate for a peremptory writ. The court has neither ignored nor refused to follow any clear dictate of the law. The case is one of an increasing number where a rather involved problem of possible conflict of jurisdiction between a court and an administrative agency must be solved. If the circumstances were plainly comprehended by a statutory directive that resort be first to the administrative agency, the assumption of jurisdiction by a court would be a usurpation of power properly checked by an extraordinary writ. But such clear cases aside, there often is need as here for judicial appraisal of the less than apparent interrelation of legislation under which it is argued that primary resort should be to an administrative tribunal and other

---

2. The cases where a later appeal would be ineffective constitute a separate and special category. Cf. Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111.

provisions of law which standing alone would empower a court to proceed forthwith. The language, structure and legislative history of statutes must be examined. Relevant judge made doctrine must be considered. The interplay of these factors must be rationalized. The facts before the court must be analysed in relation to the legal rationalization. If, after exercising professional skill and judgment in working through a process of this sort a court decides, rightly or wrongly, that it has jurisdiction, it is most unlikely that the judge will have merited that peremptory admonition which is reserved principally for cases of abuse or gross misuse of power.

The two opinions of the learned district judge in this case show on their face that he considered analytically and with great care in the light of the statutes and the precedents whether primary recourse to the Civil Aeronautics Board was prerequisite to the establishment of plaintiff's claim. He concluded that from the complaint alone, the one thing before him, it did not appear that the "accommodation of the two statutes * * * would be better served by staying the proceedings * * * and remitting the plaintiff to the Board for the resolution of administrative problems." Moreover, the court observed that "there do not presently appear administrative problems which must be committed to the Board for its determination" and finally that "until, at least, the stage in these proceedings is reached when the issues and proofs may be more fully canvassed by proper pretrial methods it is not necessary to anticipate * * * [how particular proof] may trespass on the area heretofore proscribed by the courts." The court then denied the motion without prejudice to its subsequent reassertion. This course of judicial analysis and action was the very antithesis of arbitrary conduct or usurpation of power. It was just such reasoned and deliberate procedure as we recently commended in another case. Compare Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 1950, 182 F.2d 773, in which we held it quite proper for a trial judge to postpone decisive action on a question of the more appropriate forum

pending additional information and later developments concerning the status of a party and of other litigation. The court did a similar thing here. It determined that the case should run its normal pretrial course with such revelations pertinent to the primary jurisdiction question as might be forthcoming along the way. If thereafter the court still should find no basis for petitioners' contention and proceed to trial, petitioners would have their remedy on appeal from any final judgment that might go against them. Interference by this court at the present stage of litigation would not be proper.

Finally, we emphasize that there is much more than technicality in the very great reluctance of appellate courts to employ mandamus or prohibition to review decisions which can later be reviewed in normal course of appeal. Procedurally, these extraordinary remedies are actions against the judge himself, requiring him personally to justify and defend what he has done as a judge. The fact that counsel for the party who has prevailed in his court often appears in the judge's behalf does not change the fact that in a very real sense the judicial officer himself is being put on trial. Beyond this, in order to state a cause of action it normally is necessary to charge the judge with arbitrary action, usurpation of power or obvious disregard of the law, however counsel drafting and arguing a petition for a peremptory writ may sugarcoat the pill. There is occasional need for such procedure and justification for such allegations. But a judge should not be subjected to an attack of this kind merely as a device for earlier review of an interlocutory order than ordinarily is permitted. Ex parte Fahey, 1947, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041.

Finally, we note that the complaint in this anti-trust suit was filed April 4, 1950. Now, three years later, the defendants have not yet found it necessary or appropriate to file their answers. We recognize that the preliminary proceedings which have led to this court have necessarily been time consuming. But it is to be hoped that their disposition will clear the way for the parties to move through the remaining pretrial

stages of this litigation at an accelerated pace without sacrifice of any of the values inherent in deliberate and considered action.

The appeal will be dismissed and the petition for extraordinary relief will be denied.