**COMFORT EQUIPMENT CO.**

v.

**STECKLER.**

**BURCH MFG. CO., Inc.**

v.

**STECKLER.**

**Nos. 11072, 11073.**

United States Court of Appeals,
Seventh Circuit.

April 20, 1954.

John G. Madden, Kansas City, Mo.,
Thomas I. Underwood, Chicago, Ill., Rudolph L. Lowell, Des Moines, Iowa,
Charles F. Meroni, Chicago, Ill., Charles
T. Rafter, Jr., Kansas City, Mo., Madden
& Burke, Kansas City, Mo., Winston,
Strawn, Black & Towner, Chicago, Ill.,
of counsel, for petitioners.

J. Preston Swecker, Washington,
D. C., for respondent.

Before MAJOR, Chief Judge, and
LINDLEY and SCHNACKENBERG,
Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Pursuant to leave granted, Comfort
Equipment Company, a Missouri corporation, having its principal place of business in Kansas City, Missouri, hereinafter referred to as "Comfort", and
Burch Manufacturing Company, Inc., an
Iowa corporation, having its principal
place of business in Fort Dodge, Iowa
(formerly Fort Dodge Tent & Awning
Co.), hereinafter referred to as "Fort
Dodge", each filed in this court a petition for mandamus naming Judge William E. Steckler of the United States
District Court for the Southern District
of Indiana, Indianapolis Division, as respondent.

Respondent filed motions to dismiss
both petitions, to which motions petitioners filed answers.

Rulings upon the motions to dismiss
were withheld pending the hearing of
these cases on the merits.

Respondent filed answers to the petitions. Oral arguments were heard before this court.

These two proceedings have the single purpose of obtaining a review of an order entered in the district court overruling motions by Comfort and Fort Dodge to dismiss an amended counterclaim and cross-complaint filed by The Original Tractor Cab Company, Inc., seeking relief, under the anti-trust laws of the United States of America and the declaratory judgments act, from Comfort, Fort Dodge and Cab-Ette Company, named as defendants in the amended counterclaim and cross-complaint. The amended counterclaim and cross-complaint were filed in a case instituted in said district court by Clyde E. Clapper and Lee Flora, plaintiffs, against The Original Tractor Cab Company, Inc. and Stanley Williams, defendants. Comfort and Fort Dodge were thus introduced into the case by being made defendants to the amended counterclaim and cross-complaint. Comfort and Fort Dodge were each served with a summons and a copy of the amended counterclaim and cross-complaint in the district where each is domiciled and has its principal place of business. Thereupon, Comfort and Fort Dodge filed said motions to dismiss the amended counterclaim and cross-complaint, alleging the following grounds: proper venue does not exist because said cross-defendants are not residents of the Southern District of Indiana, are not to be found therein, are not inhabitants thereof, do not have any agent therein within the meaning of section 4 of the Clayton act, 15 U.S.C.A. § 15, and do not transact business therein.

Respondent tried the issue of venue in open court upon oral evidence and depositions, as well as the affidavits presented with the motions to dismiss, heard oral argument and considered written briefs filed by counsel, made findings of fact and conclusions of law and entered the order now in question, which overruled the motions to dismiss for improper venue. Included in the evidence considered by respondent was the testimony of fifteen witnesses. Upon oral argument before this court there was produced a box, said by counsel (and not disputed) to contain what respondent had before him at said trial. The box and its contents were left in the custody of this court for its inspection, which reveals the contents to be as follows: 129 separate pieces of documentary evidence and a transcript of oral testimony, consisting of about 750 pages, depositions consisting of about 750 pages, also 45 written interrogatories and 79 answers thereto, both totaling 80 pages, as well as the pleadings filed in the district court during a period of five years.

With the aforesaid order, respondent filed 13 pages consisting of 14 findings of fact and 7 conclusions of law. The fourth conclusion of law is that Comfort and Fort Dodge transact business in the Southern District of Indiana within the meaning and requirements of section 12 of the Clayton act, 15 U.S.C.A. § 22, that they were so engaged at and prior to the filing of the amended counterclaim and cross-complaint herein, and that they were each properly served in the districts where they were found, to-wit, the Western District of Missouri and the Northern District of Iowa, in which each is respectively domiciled.

The order under attack in these proceedings is not a final order. Section 1292(1), title 28 of the United States Code authorizes appeals from certain interlocutory orders. The order now under consideration is not an interlocutory order from which an appeal is authorized by said section. Here the extraordinary relief afforded by writ of mandamus is sought as means of obtaining an immediate review of an interlocutory order which admittedly is subject to review by appeal after the district court shall have finished with the principal lawsuit.

Petitioners argue that mandamus is proper in this situation for the reason, among others, that the order in question involved a jurisdictional ruling. The same contention was made, without

success in American Airlines v. Forman, 3 Cir., 204 F.2d 230, at page 232, where the court said:

"But that difference alone is not enough to make a peremptory writ appropriate. See Ex parte Chicago, R. I. & P. R. Co., 1921, 255 U.S. 273, 275–276, 41 S.Ct. 288, 65 L.Ed. 631. The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus or prohibition even though on normal appeal a reviewing court might find reversible error. We so held most recently in Pennsylvania Turnpike Commission v. Welsh, 3 Cir., 1951, 188 F.2d 447. Accord: Petition of Therianos, 3 Cir., 1948, 171 F.2d 886; Hazeltine Corp. v. Kirkpatrick, 3 Cir., 1948, 165 F.2d 683."

The facts in the instant cases indicate that there was no hasty, peremptory or arbitrary action by respondent, but, on the contrary, it amply appears that he conducted a lengthy trial in open court where he received evidence upon the issue of venue, considered counsel's arguments and briefs and considered and analyzed the evidence and the applicable law before arriving at a decision. The record before us indicates that respondent conscientiously exercised his judgment in deciding the issue as to venue. Whether he erred is not a question which can be raised and decided in these mandamus proceedings. As the court said in considering a not dissimilar situation in American Airlines v. Forman, 3 Cir., 204 F.2d 230, at page 233:

"The language, structure and legislative history of statutes must be examined. Relevant judge made doctrine must be considered. The interplay of these factors must be rationalized. The facts before the court must be analyzed in relation to the legal rationalization. If, after exercising professional skill and judgment in working through a process of this sort a court decides, rightly or wrongly, that it has jurisdiction, it is most unlikely that the judge will have merited that peremptory admonition which is reserved principally for cases of abuse or gross misuse of power."

We are in accord with what the same court then said, 204 F.2d at page 233:

"Finally, we emphasize that there is much more than technicality in the very great reluctance of appellate courts to employ mandamus or prohibition to review decisions which can later be reviewed in normal course of appeal. Procedurally, these extraordinary remedies are actions against the judge himself, requiring him personally to justify and defend what he has done as a judge. The fact that counsel for the party who has prevailed in his court often appears in the judge's behalf does not change the fact that in a very real sense the judicial officer himself is being put on trial. Beyond this, in order to state a cause of action it normally is necessary to charge the judge with arbitrary action, usurpation of power or obvious disregard of the law, however counsel drafting and arguing a petition for a peremptory writ may sugarcoat the pill. There is occasional need for such procedure and justification for such allegations. But a judge should not be subjected to an attack of this kind merely as a device for earlier review of an interlocutory order than ordinarily is permitted. Ex parte Fahey, 1947, 332 U.S. 258, 67 S.Ct. 1558, 91 L. Ed. 2041."

Counsel for both petitioners and respondent rely on the recent case of Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, decided November 30, 1953, where a treble damage action was brought under the Sherman

and Clayton acts, 15 U.S.C.A. § 1 et seq., by petitioner (an insurance corporation) in the United States District Court for the Southern District of Florida, alleging a conspiracy to injure petitioner's business. The named defendants were the insurance commissioners of Georgia and Florida, one other individual, and four insurance companies residing and transacting business in the Southern District of Florida. The Georgia insurance commissioner (Cravey) was personally served in the Northern District of Florida. He moved to quash the summons and dismiss him for improper venue. The judge held that his court had jurisdiction of the action and of the commissioner, but that venue was not properly laid. He thereupon ordered the action as to Cravey severed and transferred to the Northern District of Georgia where Cravey resided. Petitioner then sought a writ of mandamus from the Court of Appeals to compel the judge to vacate and set aside that order, but the Court of Appeals dismissed the petition for mandamus, 199 F.2d 593, and the Supreme Court granted certiorari.

Speaking of the insurance corporation (petitioner for mandamus), the Supreme Court said, 346 U.S. at page 381, 74 S. Ct. at page 147:

"While it admits that the order eventually may be reviewed on appeal from final judgment in the case, petitioner contends that insurmountable procedural difficulties requiring appeals from, and reversals of, the final judgments in both the Florida action and the severed action in Georgia render that remedy speculative, ineffective and inadequate in preventing needless expense, hardship and judicial inconvenience. Wherefore, it says, the extraordinary writ of mandamus is appropriate.

"We are of the opinion that in the circumstances of this case the writ was inappropriate."

The court then considered the motion made by Cravey to quash the summons and dismiss him from the action for improper venue, saying, 346 U.S. at page 382, 74 S.Ct. at page 147:

"The contention is that in acting on the motion and ordering transfer he exceeded his legal powers and this error ousted him of jurisdiction. But jurisdiction need not run the gauntlet of reversible errors. The ruling on a question of law decisive of the issue presented by Cravey's motion and the replication of the petitioner was made in the course of the exercise of the court's jurisdiction to decide issues properly brought before it. Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 45–46, 33 S.Ct. 1007, 1010, 1011, 57 L.Ed. 1379; Ex parte Roe, 1914, 234 U.S. 70, 73, 34 S.Ct. 722, 723, 58 L.Ed. 1217. Its decision against petitioner, even if erroneous —which we do not pass upon—involved no abuse of judicial power, Roche v. Evaporated Milk Ass'n, supra [319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185], and is reviewable upon appeal after final judgment. If we applied the reasoning advanced by the petitioner, then every interlocutory order which is wrong might be reviewed under the All Writs Act [28 U.S.C.A. § 1651(a)]. The office of a writ of mandamus would be enlarged to actually control the decision of the trial court rather than used in its traditional function of confining a court to its prescribed jurisdiction. In strictly circumscribing piecemeal appeal, Congress must have realized that in the course of judicial decision some interlocutory orders might be erroneous."

Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. at page 383, 74 S.Ct. at page 148, holds that the supplementary review power conferred on the courts by Congress in the All Writs Act is meant to be used only in the exceptional case where there is clear abuse of discretion or " 'usurpation of judicial power' " of the sort held to justify the writ in De Beers Consoli-

dated Mines v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 89 L.Ed. 1566, discussed post. The court held that Bankers Life & Casualty Co. v. Holland was not such a case. If the correctness of respondent's ruling on the motions to dismiss must await an appeal from the final disposition of the case on its merits in the district court, there is no unusual inconvenience or hardship. Actually these petitioners may succeed in recovering final judgment in their favor on the trial in the district court. However that may be, the court said in Bankers Life & Casualty Co. v. Holland, 346 U.S. at page 383, 74 S.Ct. at page 148:

"But it is established that the extraordinary writs cannot be used as a substitute for appeal, Ex parte Fahey, 1947, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041, even though hardship may result from delay and perhaps unnecessary trial, United States Alkali Export Ass'n v. United States, 1945, 325 U.S. 196, 202–203, 65 S.Ct. 1120, 1124, 1125, 89 L.Ed. 1554; Roche v. Evaporated Milk Ass'n, supra, 319 U.S. at page 31, 63 S.Ct. [938] at page 944."

The court was most emphatic in saying, 346 U.S. at page 383, 74 S.Ct. at page 148:

"We may assume that, as petitioner contends, the order of transfer defeats the objective of trying related issues in a single action and will give rise to a myriad of legal and practical problems as well as inconvenience to both courts; but Congress must have contemplated those conditions in providing that only final judgments are reviewable."

And, 346 U.S. at page 384, 74 S.Ct. at page 149, the court concluded:

" 'Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. * * * As extraordinary remedies, they are reserved for really extraordinary causes.' "

Inasmuch as the Supreme Court in Bankers Life & Casualty Co. v. Holland, 346 U.S. at page 383, 74 S.Ct. at page 148, referred to De Beers Consolidated Mines v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566, as the sort of a case where there was a clear abuse of discretion or " 'usurpation of judicial power' " justifying the issuance of a writ of mandamus, a further reference to that case is proper. At the same time that the United States filed a complaint against De Beers and others, it procured a preliminary injunction restraining the corporate defendants from withdrawing from the country any property and from disposing of any property in the United States " 'until such time as this Court shall have determined the issues of this case and defendant corporations shall have complied with its orders' ". [325 U.S. 212, 65 S.Ct. 1132.] The defendants petitioned the United States Supreme Court for certiorari directed to the district court, contending that the order was in substance a sequestration of property beyond the power of the court and an abuse of discretion in the circumstances. The supreme court pointed out that the district court had no jurisdiction under the applicable statutes to enter a money judgment, that its only power was to restrain the future continuance of actions or conduct intended to monopolize or restrain commerce, and that the injunction in question was not of this character. 325 U.S. at page 220, 65 S.Ct. at page 1134, the court said:

"It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit. It deals with property

which in no circumstances can be dealt with in any final injunction that may be entered. It is not a form of seizure of property used in offending against the statute, for the property is not such as might be seized under § 6 of the Sherman Act [15 U.S.C.A. § 6], or under § 76 of the Wilson Act [15 U.S.C.A. § 11], and the complaint and affidavits do not purport so to charge. This process is, and can only be, sustained as a method of providing security for compliance with other process which conceivably may be issued for satisfaction of a money judgment for contempt."

The court concluded, 325 U.S. at page 223, 65 S.Ct. 1130, that the injunction was not authorized either by statute or by usages of equity and reversed the decree granting the injunction. Moreover, four of the justices in dissenting went even further and said that certiorari should not have been granted at all.

Petitioners rely on C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, affirmed Cardox Corp. v. C-O-Two Fire Equip. Co., 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668, in which this court granted a writ of mandamus in a case where a question of venue was raised in the district court by a motion for dismissal of the action, the defendant suggesting to the trial court that instead of dismissing the action it would be appropriate to transfer it under the discretionary provision of 28 U.S.C. § 1406 (a). The district court denied the motion to dismiss or to transfer. In this Court of Appeals the defendant was permitted to intervene. This court issued a writ of mandamus as requested by petitioner. However, the appropriateness of the remedy of mandamus was not in

issue or argued, the court saying, 194 F.2d at page 412:

"* * * because intervenor in its brief raises no question in this respect and in oral argument conceded both the power of the court and the appropriateness of the remedy."

Petitioners also rely on the decision of this court in Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 207 F.2d 554, where it appeared that Maryland Baking Company and Northwest Cone Company commenced an action in the United States District Court for the Northern District of Illinois against Dairy Industries Supply Association, a New York corporation having its principal place of business in Washington, D. C., and its officers and directors, charging a violation by them in Chicago of the Sherman Anti-Trust Act. The action was to enjoin defendants from preventing plaintiffs from participating in an exposition about to be held in Chicago by the defendants, and also asked for treble damages for injuries sustained. After summons had been served the defendants moved, *first,* to transfer the action to the district court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).[1] At the same time the association moved, *secondly,* to quash service of summons upon it in Chicago, and service of an alias summons served upon it thereafter in Washington, D. C., and to dismiss the action for want of venue in the Northern District of Illinois.[2]

The district court overruled the second motion, which action this court approved.

The district court found, as to the first motion, that defendants had failed to sustain their burden of proving what they were required to prove in order to justify the court in transferring the action to the District of Columbia. It

---

1. "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Obviously relying on 28 U.S.C. § 1406(a), which reads:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

therefore overruled the first motion, which action this court "reversed" because the respondent judge in denying the motion to transfer under § 1404(a) applied tests which are not those set forth in said section which actually names only three factors to be considered, namely, the convenience of the parties, the convenience of the witnesses, and the interest of justice. Thereupon this court "remanded" the cause with instructions to the district court to reconsider the first motion and redetermine its action thereon, on the basis of the proper statutory factors.

In the case at bar there was only a motion to dismiss for want of venue under § 1406(a).

For these reasons petitioners find no support in the holding in Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 207 F.2d 554.

For the reasons hereinbefore set forth, the petitions for writs of mandamus should be, and are, denied.

Petitions for writs denied.

LINDLEY, Circuit Judge (concurring).

I agree with my brethren that the petition for a writ of mandamus must be denied. In view, however, of the doubt and uncertainty which frequently arises as to the use of mandamus in aid of our appellate jurisdiction and which inherently requires clarity as to what is decided in each case, I feel constrained to say something as to the limitations which I feel attach to our decision.

The issue which is determinative of this cause is the narrow one of appropriateness of the remedy, i. e., our power to review by mandamus the specific order entered. Section 12 of the Clayton Act, 15 U.S.C. § 22, limits venue in antitrust litigation against a corporation to the district whereof it is an inhabitant or to "any district wherein it may be found or transacts business". If none of these conditions exists, the court wherein such an action is brought lacks venue; 28 U.S.C. § 1406(a) is applicable and the court must either dismiss the cause or transfer to a district where venue lies. The section is mandatory. Thus, we are faced with the narrow issue of whether mandamus is appropriate to review a trial court's determination that such an action is properly before it.

In Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, the Supreme Court treated the issue of venue as a question of law from a decision as to which an aggrieved party may obtain adequate relief by appeal after final adjudication on the merits. It is urged before us that the remedy by way of appeal is inadequate, inasmuch as the venue question depends, in the first instance, on factual determinations of the trial court which come before us fortified by a presumption of validity, the propriety of which should not be delayed until the case is finally disposed of. Conceding the speculative character of the adequacy of this remedy, we are aware of no authority which would permit us, under the guise of any remedy, to assume the stature of a super trial court, prior to decision on the merits, to second guess the district court on the exercise of its granted powers, giving no weight to findings of fact on which its decision depends. If such power of review is to exist it must be provided by the Congress. However, further pursuit of this argument would serve no useful purpose. The Bankers Life decision is controlling on the question before us; the remedy of mandamus is inappropriate.

We can reconcile this result with our decisions in C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, affirmed Cardox Corp. v. C-O-Two Fire Equip. Co., 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668, and Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 207 F.2d 554, insofar as those cases considered the merits of a like petition, on the single ground that the question of the appropriateness of the remedy of mandamus was not raised in either of those cases.