**ELECTRIC & MUSICAL INDUSTRIES,
LIMITED, Petitioner,**

v.

**The Honorable Lawrence E. WALSH, United States District Judge for the Southern District of New York, Respondent.**

Docket 24837.

United States Court of Appeals
Second Circuit.

Argued Nov. 4, 1957.

Decided Nov. 13, 1957.

Dwight, Royall, Harris, Koegel & Caskey, New York City (John A. Wells, H. Allen Lochner, Justin W. D'Atri, Herbert C. Earnshaw, New York City, of counsel), for petitioner.

Harry G. Sklarsky, Ralph S. Goodman, and Richard B. O'Donnell, Attorneys, Department of Justice, New York City, for respondent.

Before SWAN, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Petitioner, referred to as EMI, is a British corporation. A subpoena *duces tecum* to appear before a grand jury was served upon it by delivering a copy to a subsidiary corporation doing business in New York. EMI moved to quash the subpoena. This motion was denied by Judge Walsh by order dated June 27, 1957. The present petition seeks a writ commanding Judge Walsh to vacate his order and to refrain from asserting jurisdiction *in personam* over petitioner.

The order attacked by the petitioner is interlocutory and non-appealable. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. As stated in 309 U.S. at page 328, 60 S.Ct. at page 542, whatever right the witness may have requires no further protection than that afforded by the district court "until the witness chooses to disobey and is committed for contempt." The All Writs Statute, 28 U.S.C.A. § 1651, is to be used only in exceptional cases where abuse of discretion or usurpation of judicial power is "clear and indisputable." Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383–384, 74 S.Ct. 145, 148, 98 L.Ed. 106. See also Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041; Ward Baking Co. v. Holtzoff, 2 Cir., 164 F.2d 34; Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800, 803; Comfort Equipment Co. v. Steckler, 7 Cir., 212 F.2d 371. The issue is whether the court has usurped and is enforcing a nonexistent jurisdiction over the petitioner. This is not so "clear and indisputable" as to require issuance of the writ.

Petition denied.