**GENERAL HOUSES, Inc., Petitioner,**

v.

**The Honorable Walter BRUCHHAUSEN, Judge of the District Court for the Eastern District of New York, Respondent.**

Docket 25109.

United States Court of Appeals
Second Circuit.

Argued April 7, 1958.

Decided April 28, 1958.

Bokat & Bokat, New York City, for petitioner.

Donovan, Leisure, Newton & Irvine and Charles R. L. Hemmersley, New York City (Walter R. Mansfield and Sidney P. Howell, Jr., New York City, of counsel), for respondent.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

The petitioner seeks a writ of mandamus to direct vacation of an order made by Judge Bruchhausen in an action pending in the United States District Court for the Eastern District of New York, in which the petitioner is plaintiff. The action is for breach of contract and was commenced in 1950 against Reconstruction Finance Corporation as the primary defendant.[1] In February 1958, when the case was on the Civil Non-Jury Calendar and about to be reached for trial, the plaintiff moved to add as additional parties defendant, the United States and Franklin G. Floete, as Administrator of General Services, and for an adjournment of the trial until all original defendants and such additional defendants shall have answered interrogatories previously propounded by plaintiff to the original defendants. Judge Bruchhausen heard the motion and entered an order denying it "in all respects except that Franklin G. Floete as Administrator of Public Services may be and hereby is substituted in place of defendant Reconstruction Finance Corporation pursuant to Reorganization Plan 1 of 1957." This is the order which the petitioner seeks to have reviewed under the "All Writs" section of the Judicial Code, 28 U.S.C.A. § 1651.

---

1. The story of the litigation up to May 31, 1956 may be found in this court's decision reported as General Houses, Inc., v. Marloch Manufacturing Corp., 2 Cir., 239 F.2d 510.

With respect to interrogatories and refusal to postpone trial until they were answered, the order under attack was plainly interlocutory. The petitioner's complaint is that the decision should have been different; but it is too well settled to require the citation of authorities that mandamus cannot be used to control the lower court's decision in interlocutory matters which can be reviewed on appeal from the final judgment, except under "extraordinary" circumstances which are not present here.

With respect to so much of the order as refused to add the United States as a party and substituted the Administrator of General Services in place of the Reconstruction Finance Corporation the remedy of mandamus is also unavailable. The All Writs statute "is to be used only in exceptional cases where abuse of discretion or usurpation of judicial power is 'clear and indisputable.' "[2] Here the petitioner's right is far from "clear and indisputable."

Petition dismissed.

---

2. See Electric & Musical Industries v. Walsh, 2 Cir., 249 F.2d 308, 309, and authorities therein cited.