**GENERAL HOUSES, Inc., Plaintiff-Appellant,**

v.

**Franklin G. FLOETE, As Administrator of General Services, et al., Defendants-Appellees.**

**No. 311, Docket 25487.**

United States Court of Appeals Second Circuit.

Argued May 15, 1959.

Decided June 1, 1959.

Bokat & Bokat, New York City, for plaintiff-appellant.

Charles R. L. Hemmersley, New York City, for defendant-appellee Franklin G. Floete, as Administrator of General Services. Max Hersh, New York City, of counsel.

Before SWAN, HINCKS, and MOORE, Circuit Judges.

PER CURIAM.

This is an action for alleged breach of two contracts, one between plaintiff and Reconstruction Finance Corporation, the other between plaintiff and Marloch Manufacturing Corporation. Early in 1947 plaintiff, without any production facilities, agreed with RFC to produce 2,000 prefabricated houses before the end of the year, promising to use its best efforts to sell them. RFC agreed to pay a stipulated sum for each house plaintiff should not be able to sell. Plaintiff then contracted with Marloch Manufacturing Corporation to produce the 2,000 houses during 1947, and Marloch proceeded to carry out its obligations. In August Marloch refused to continue because of plaintiff's failure to perform, only one house having been sold by plaintiff. The damages claimed by plaintiff are more than six million dollars. Federal jurisdiction over the defendants other than RFC rests on diversity of citizenship. Franklin G. Floete, as Administrator of General Services, has been substituted for the defendant RFC. The case was tried without a jury by Chief Judge Byers who wrote a lengthy opinion and made detailed findings of fact. It is reported in D.C., 166 F.Supp. 106.[1] Far

---

1. A prior appeal was before this court in General Houses, Inc. v. Marloch Mfg. Corp., 2 Cir., 239 F.2d 510. See also General Houses, Inc. v. Bruchhausen, 2 Cir., 256 F.2d 674, where plaintiff sought by mandamus to obtain review of an in-

from regarding his findings as clearly erroneous, we think them clearly correct. The appeal, as well as the alleged causes of action, appears to be utterly lacking in merit. They deserve no further discussion. Judgment affirmed.

terlocutory order. There was also a prior suit in Illinois which was dismissed for lack of an indispensable party. General Houses v. Reconstruction Finance Corp., D.C., 81 F.Supp. 202.