Sam STEIN et al., Petitioners,

v.

Honorable William R. COLLINSON, United States District Judge for the Western District of Missouri, Respondent,

and

PARKVIEW–GEM, INC., a Delaware corporation,

and

Parkview-Gem of Hawaii, Inc., a Hawaii corporation, Real Parties in Interest.

No. 74–1408.

United States Court of Appeals, Eighth Circuit.

July 1, 1974.

8. Department Store Food Corp. v. NLRB, 415 F.2d 74, 77 (3d Cir. 1969).

Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., filed petition for writ of prohibition or mandamus.

Robert K. Ball, Kansas City, Mo., filed answer of respondents to petition for writ of prohibition or mandamus.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

### ORDER

The issue presented is whether, in this case, we should prevent the District Court from asserting jurisdiction in a Chapter X reorganization proceeding over the affairs of a solvent subsidiary which is not a party to the proceeding. More specifically, we are asked to nullify by mandamus or prohibition a temporary restraining order of the District Court which effectively precludes petitioners from exercising foreclosure rights as lessor under a lease in which the lessee is the subsidiary.

The reorganization proceedings were instituted in the Western District of Missouri. The leased property is located in Hawaii and consists primarily of retail store space within a shopping center. It has had an interesting history.

The original lease dated February 15, 1968 was for a term ending in 2023 and provided for fixed monthly rental installments and an additional percentage of net sales. On May 31, 1968, Gem International, Inc. acquired the rights of the lessee by assignment. On May 4, 1970, a series of documents were executed, under which (1) Gem International, Inc. assigned its rights in the lease to Alexander J. Barket, Mary Kay Barket

and Tudie S. Patti; (2) the assignees executed a sublease to Gem International, Inc. as sublessee; and (3) Parkview-Gem, Inc. guaranteed the performance of the obligations of Gem International, Inc. under the sublease agreement. On April 3, 1972, petitioners acquired the interests of Alexander J. Barket, Mary Kay Barket and Tudie S. Patti. On July 29, 1972, Gem International, Inc. assigned its interests as sublessee to Parkview-Gem of Hawaii, Inc., a wholly-owned subsidiary of Parkview-Gem, Inc., pursuant to a conditional right of assignment contained in the original sublease.[1] Shortly thereafter, on July 31, 1972, Gem International, Inc. was merged into Parkview-Gem, Inc.

On December 18, 1973, Parkview-Gem, Inc. filed a petition for reorganization in the United States District Court for the Western District of Missouri. Thereafter, in May, 1974, petitioners notified Gem International, Inc. of their election to exercise their right of cancellation of the sublease by reason of the reorganization proceeding instituted by Parkview-Gem, Inc.[2] Upon receipt of such notice, the Trustee of Parkview-Gem, Inc. sought from the District Court for the Western District of Missouri a temporary restraining order to prevent the threatened action. Following a hearing on May 31, 1974, Judge Collinson issued a temporary restraining order enjoining petitioners herein from "(1) taking or continuing any action that threatens the leasehold interest of Parkview-Gem of Hawaii, Inc., (2) interfering with or attempting to interfere with Parkview-Gem of Hawaii, Inc. in a manner that will affect the value of the stock of Parkview-Gem of Hawaii, Inc., (3) seizing or attempting to seize the property of Parkview-Gem of Hawaii, Inc. and (4) filing or threatening to file any proceeding at law or in equity against Parkview-Gem of Hawaii, Inc." He further ordered that the temporary restraining order be continued in full force and effect until such time as the court shall have ruled on the Trustee's pending motion for a preliminary injunction.

Petitioners contend that Judge Collinson was without jurisdiction to enter the temporary restraining order and that in view of extraordinary monetary damages which petitioners are suffering and will suffer in the future, this court should intervene by way of the issuance of an extraordinary writ.[3]

---

1. (j)(i) Lessee may assign this Sublease without consent of Lessor to any corporation now or hereafter in existence, which shall be PARKVIEW-GEM, INC., parent company of Lessee, or a wholly owned subsidiary of Lessee or of said parent company, provided, however, that Lessee shall notify Lessor of any such assignment within thirty (30) days after making the same, and all rights of Lessor under this Sublease against said Lessees are expressly reserved notwithstanding any such assignment.

2. Paragraph 13(1) of the sublease provides in part:
PROVIDED, HOWEVER and this sublease is upon the continuing condition that if the Lessee shall * * * become bankrupt or insolvent or make an assignment for the benefit of Lessee's creditors, or if the Lessee shall file any debtor proceedings, or take or have taken against Lessee any proceedings of any kind or character whatsoever under any provisions of the Federal Bankruptcy Act seeking any readjustment, arrangement, postponement, composition or reduction of the Lessee's debts, liabilities or obligations, * * *, then and in any such event the Lessor may at once enter into and upon the demised premises or any part thereof in the name of the whole and at its option terminate this sublease by recording in the Bureau of Conveyances at Honolulu an affidavit that default has occurred, and that notice has been given where notice is required and that this sublease has been cancelled * * * and thereupon take possession of the said premises and all improvements thereon, and thereby become wholly vested with all right, title and interest of the Lessee therein and may expel and remove from the said premises the Lessee or those claiming under the Lessee, and their effects, all without service of notice or resort to any legal process and without being deemed guilty of any trespass or becoming liable for any loss or damage which may be occasioned thereby * * * *

3. The monetary damages stem from financial commitments made by petitioners in connection with the acquisition and financing of the

It is conceded that Parkview-Gem of Hawaii, Inc. is neither insolvent nor a party to the reorganization proceeding. Any jurisdiction over the affairs of the subsidiary must therefore depend upon whether the leasehold interest is "property" of the debtor, Parkview-Gem, Inc., within the meaning of § 111 of the Bankruptcy Act:

> Where not inconsistent with the provisions of this chapter, the court in which a petition is filed shall, for purposes of this chapter, have exclusive jurisdiction of the debtor and its property, wherever located.

11 U.S.C. § 511.

■ Petitioners contend that the property interests of the subsidiary are not subject to the jurisdiction of the trial court. This contention is in agreement with the general rule that courts in Chapter X proceedings are without jurisdiction to enjoin an action against a subsidiary. 6 Collier on Bankruptcy (14th ed., 1972), § 3.11, pp. 500–01. However, there is a recognized exception to this rule where the parent and subsidiary are so completely "one" that the separate legal identity of the subsidiary may be disregarded, id., and thus it has been stated that "the meaning of the term 'property' turns on the particular facts of each case * * *." In re Beck Industries, Inc., 479 F.2d 410, 417 (2d Cir. 1973), cert. denied sub nom. Trustees of Beck Industries, Inc. v. Feldman, 414 U.S. 858, 94 S.Ct. 163, 38 L.Ed.2d 108 (1973).

In this case, respondents assert that since the subsidiary corporation is not itself in default, and the right of forfeiture is found only in the reorganization proceeding of the parent, the petitioners themselves, by seeking to declare a forfeiture, implicitly recognize that the debtor, Parkview-Gem, Inc., has some property interest in the lease. Attention is drawn to the interrelationship of the parent and the subsidiary arising out of the guarantee agreement, and the significance of the fact that the notice of forfeiture was given to Gem-International rather than Parkview-Gem of Hawaii. However these points are resolved, it is clear that significant factual questions, dispositive on the matter of jurisdiction, have been presented to the district court. Since findings and conclusions are yet to be entered, the district court has so far merely assumed a limited jurisdiction in order to determine the jurisdictional issue. Presented as it was with a condition of urgency, we cannot say that it was an abuse of the court's discretion to enter a temporary restraining order to preserve the status quo pending such determination.[4]

■ By seeking mandamus or prohibition relief, petitioners in effect ask us to resolve the jurisdictional issue in the first instance. This we cannot do upon the record presented here. As was said in American Airlines v. Forman, 204 F.2d 230, 232 (3d Cir. 1953):

> It is true that this petition [for prohibition or mandamus] * * * challenges what can fairly be called a jurisdictional ruling. But that difference alone is not enough to make a peremptory writ appropriate. * * * The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus or prohibition even though on normal appeal a reviewing court might find reversible error.

---

sublease. Forfeiture of the sublease would permit them to re-lease the property at offsetting higher rentals. Parkview-Gem of Hawaii, Inc. is not in default in any of its rental payments. The only basis for forfeiture is the petition in reorganization filed by Parkview-Gem, Inc.

4. Unreasonable delay, however, in making such determination may afford an independent basis for seeking additional relief in this court.

*See also* Holub Industries v. Wyche, 290 F.2d 852 (4th Cir. 1961); Comfort Equipment Co. v. Steckler, 212 F.2d 371 (7th Cir. 1954).

■ Peremptory writs are extraordinary remedies and are reserved for extraordinary situations. Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L. Ed.2d 305 (1967). They may not be used as substitutes for an interlocutory appeal. Gialde v. Time, Inc., 480 F.2d 1295 (8th Cir. 1973). Upon an incomplete record, we are unwilling to bypass the limited assumption of jurisdiction by the trial court; we cannot say that the resolution of the jurisdictional issue is so obvious that it may be said that the trial judge has miscomprehended settled law and has exceeded his statutory power. We therefore refuse the writ, without prejudice to petitioners' right to challenge jurisdiction on appeal, and without prejudice to their right to reapply for extraordinary relief in the event of unconscionable delay in the trial court's determination.[5]

Morris Sankary, San Diego, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Robert J. Perry, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and KOELSCH, Circuit Judges, and MURRAY,* District Judge.

---

5. We likewise decline to rule upon petitioners' suggestion for the requirement of a bond, which was presented in the first instance to this court.