UNITED STATES of America,
Petitioner,

v.

Terry H. BREEN, Major, USMC, Military Judge, Sierra-Judicial Circuit, Camp Pendleton, California, 92055, Respondent.

Misc. Docket No. 81–4.

U. S. Navy Court of Military Review.

30 March 1981.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF MANDAMUS.

GLADIS, Judge:

The United States has petitioned this Court to issue an order overturning the respondent military judge's ruling in the special court-martial case of *United States v. Honeycutt,* which the Government characterizes as a finding that Rule 313 of the Military Rules of Evidence (MRE) is unconstitutional. Noting that the respondent did not declare Rule 313 to be unconstitutional and finding no grounds for extraordinary relief in this case, we deny the petition.

More than five pounds of marijuana were seized from the trunk of the accused's auto during a scheduled but previously unannounced inspection of the barracks, lockers, and privately owned vehicles of the lower ranking enlisted members of the accused's company. The commanding officer scheduled this inspection in writing "in order to ensure the security, military fitness, and good order and discipline of the unit", having earlier issued a written order, the sole stated purpose of which was "[t]o promulgate regulations and procedures for the conduct of inspections and inventories so that evidence obtained therefrom will be admissible in trials by court-martial." A charge alleging wrongful possession of the marijuana contrary to a lawful general regulation was referred to trial by special court-martial. At an Article 39(a), 10 U.S. C.A. § 839(a), Uniform Code of Military Justice, session, the respondent military judge granted a defense motion to suppress the marijuana after making numerous find-

ings of fact and stating his conclusions of law in a rambling discourse.

The petitioner contends that, in effect, the respondent military judge found Rule 313 to be unconstitutional because three findings of fact he made show he found the inspection to be a valid one under Rule 313. Our examination of the findings of fact made by the respondent and his subsequent discussion reveals that he specifically declined to declare the rule unconstitutional, (R. 73, 79), and did not find the inspection to be valid under the rule.

The findings of fact appear contradictory. Although the respondent apparently found the primary motive in conducting the inspection was to recover organizational equipment, such as packs and canteens, and to confiscate weapons and other contraband, he also found the clearly stated purpose of the written order prescribing the scope and methodology of the inspection to be that such evidence would be admissible in trials by court-martial. (R. 71–73). The respondent was troubled by the stated purpose of the order in view of the language in Rule 313 that an examination made for the primary purpose of obtaining evidence for use in a trial by court-martial is not an inspection within the meaning of the rule. (R. 76). He also questioned whether the inspection conducted exceeded the scope of the order and was troubled by the failure of the inspector to adhere to the provisions of the order. *See United States v. Dillard*, 8 M.J. 213 (C.M.A.1980). He was concerned about the constitutionality of this inspection in view of its extent. We conclude that the respondent granted the defense motion to suppress the evidence on the cumulative basis of the various factors he mentioned in his lengthy discourse, but neither declared Rule 313 to be unconstitutional nor the inspection, as conducted, to be valid under that rule.

Rule 313 provides that evidence obtained from inspections conducted in accordance with the rule is admissible when relevant. The rule defines an inspection as: .

an examination of the whole or part of a unit, organization, installation, vessel, aircraft, or vehicle, including an examination conducted at entrance and exit points, conducted as an incident of command the primary purpose of which is to determine and to ensure the security, military fitness, or good order and discipline of the unit, organization, installation, vessel, aircraft or vehicle.... An inspection also includes an examination to locate and confiscate unlawful weapons and other contraband when such property would affect adversely the security, military fitness, or good order and discipline of the command and when (1) there is a reasonable suspicion that such property is present in the command or (2) the examination is a previously scheduled examination of the command. An examination made for the primary purpose of obtaining evidence for use in a trial by court-martial or in other disciplinary proceedings is not an inspection within the meaning of this rule.

Rule 313(b), MRE.

■ This Court cannot grant extraordinary relief to control the decision of the trial court when that court does not exceed the sphere of its discretionary power, even though its ruling may be erroneous. *United States v. Redding*, 8 M.J. 719 (N.C.M.R. 1979). *See Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979).

■ We do not, however, reach the correctness of the respondent's ruling. In entertaining and ruling upon the motion to suppress, he acted within the sphere of his discretionary power. We cannot use an extraordinary writ to substitute our discretion for that of the judge. No grounds exist for extraordinary relief. *United States v. Redding, supra.*

Accordingly, the petition for extraordinary relief in the nature of mandamus is hereby denied.

Senior Judge GREGORY concurs.

DONOVAN, Judge (concurring):

I discern from Judge Breen's remarks that he granted the motion to suppress because his understanding of the use of the word "vehicle" in Rule 313(b), MRE, means Government vehicles; hence his view that the non-consensual, non-probable cause, non-entry or exit vehicle search portion of the inspection was unconstitutional as well as violative of the wording of Rule 313(b) as he understands it to be written. It is this interpretation we are asked to find erroneous as a matter of law and mandate. I concur in declining to do so for the reasons set out in the opinion.