UNITED STATES, Petitioner,

v.

Louis M. LABELLA Commander, JAGC,
U. S. Navy Military Judge,
Respondent,

Michael A. Allen, 512 72 4834, Ocean Systems Technician Seaman Recruit (E-1)
U. S. Navy, Real Party at Interest.

Misc. Dkt. No. 82-07.

U. S. Navy-Marine Corps Court of
Military Review.

Decided 4 Aug. 1982.

LCDR David S. Durbin, JAGC, USNR,
Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

ABERNATHY, Senior Judge:

Petitioner seeks the issuance of a writ of mandamus from this Court to compel respondent to reinstate several specifications of alleged drug offenses which respondent dismissed below for lack of service-connection, subject matter jurisdiction. After a review of the record, respective briefs and oral argument, we are convinced that this is not a circumstance which merits the extraordinary remedy of mandamus.

Charges were preferred against Seaman Recruit (SR) Allen alleging possession and use of approximately one gram of marijuana on each of five different occasions, as well as other offenses unrelated to this action. When a special court-martial was convened, an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), session was initiated to litigate SR Allen's

motion to dismiss the ten specifications alleging possession and use of marijuana for lack of sufficient service-connection to establish subject matter jurisdiction.

In support of the motion defense counsel submitted the following evidence: a brief statement of facts in its written motion to dismiss which were conceded by Government, see Appellate Exhibit I; documentary evidence of leave authorization for several periods of the alleged drug use; and a request for judicial notice of the Virginia Code provision proscribing the use of marijuana. Government called a fellow worker of the accused to the stand and established that social gatherings were regularly held in private, off-base residences for members of the accused's unit. These gatherings were advertised at the unit workplace by written flyer and word-of-mouth as a keg party or "bring your own bottle". Although there was never any mention in these flyers that there would be anything but alcohol at the parties, marijuana use was always practiced openly by at least some of the attendees. The parties where the accused was observed were largely attended by fellow unit members in non-duty status.

The military judge considered counsel's arguments concerning the applicability of the rule of drug offense service-connection as espoused in United States v. Trottier, 9 M.J. 337 (C.M.A.1980). The trial judge did not find any of the well known Relford factors for service-connection present under the instant circumstances,[1] and rejected trial counsel's contention as a return to the blanket drug offense jurisdiction rule of United States v. Beeker, 19 USCMA 563, 40 CMR 275 (1969).[2] The Court below specifically distinguished the situation of SR Allen from the circumstances of United States v. Trottier and found: (1) there was no discussion or planning of illicit activity on board a

military installation; (2) the accused was in a leave status during four of the alleged marijuana uses; (3) the accused's leave address was on board the Dam Neck, Virginia, military installation; and (4) there was no evidence to establish the propensity of the Commonwealth of Virginia to prosecute small-amount-of-marijuana-possession cases. Accordingly, the trial judge dismissed specifications 1–10 of Charge I for lack of subject matter jurisdiction. It is clear that the court below considered this instance one of the exceptional circumstances noted in United States v. Trottier where drug use did not affect military preparedness.

■ Had we faced this issue for de novo consideration in the normal course of appellate review, we would disagree with the military judge's findings and dismissal, and rule error, but this is not the issue which the extraordinary remedy of mandamus frames. Traditionally, a writ of mandamus has been employed to confine an inferior court to a lawful exercise of its jurisdiction or to compel it to exercise its authority when the duty exists; however, it is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy. Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

■ The military judge is clearly tasked with the resolution of interlocutory matters of jurisdiction. See paragraphs 57 and 68, Manual for Courts-Martial, 1969 (Rev.). The Government has the burden of proof by a preponderance of the evidence to establish questionable jurisdiction. See e.g. United States v. Bailey, 6 M.J. 965 (N.C.M. R.1979); see generally, O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); United States v. Alef, 3 M.J. 414 (C.M.A.1977). Therefore, it is clearly within the trial judge's authority to rule on

---

1. Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); see generally O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

2. The U. S. Court of Military Appeals in United States v. Trottier, 9 M.J. 337 (C.M.A.1980),

clearly rejected the far reaching jurisdictional rule of United States v. Beeker, 18 USCMA 563, 40 CMR 275 (1969), and noted certain examples of unusual circumstances where jurisdiction would not attach. See United States v. Trottier, supra at 350 n. 28.

the matter of service connection and subject matter jurisdiction.

 Only if that ruling is a clear violation of decisional law, *see United States v. Dettinger,* 7 M.J. 216 (C.M.A.1979); *United States v. Caprio,* 10 M.J. 586 (N.C.M.R. 1980), or, as stated in the federal system, only if the challenged assumption or denial of jurisdiction is so plainly wrong as to indicate a failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled legal doctrine can mandamus lie. *See Stein v. Collinson,* 499 F.2d 91, 94 (8th Cir. 1974). If a rational and substantial legal argument can be made in support of the questioned ruling, the case is not appropriate for mandamus even though on normal appeal a reviewing court might find reversible error. *Id.* Considering the circumstances of this case, and the interpretative leeway which the rule of *Trottier* allows in drug offense cases,[3] the most we can find in this instance is an error in a ruling on a matter well within the authority of the military judge. Of course, the extraordinary remedy of mandamus does not lie in such an instance. *Will v. United States, supra* 389 U.S. at 104, 88 S.Ct. at 278; *see also* Judge O'Donnell's persuasive opinion in *United States v. Bogan,* 13 M.J. 768 (A.C.M. R.1982). Since the military judge's ruling was confined to the sphere of his discretionary power and was not a clear violation of decisional law, we deny petitioner's request for extraordinary relief.

The stay in proceedings previously ordered by this Court is hereby vacated. The record of the proceedings is forwarded to the Judge Advocate General of the Navy for remand of the record to the military judge for actions consistent with our decision.

Judge KERCHEVAL and Judge BARR concur.

3. As we mentioned earlier, although *we* believe that the alleged offenses in this instance are sufficiently service connected to establish subject matter jurisdiction, the case is subject to interpretations which may differ. The doctrine of *United States v. Trottier,* was not unanimous, *see* J. Fletcher, concurring in the result, and already differing, yet plausible, interpreta-

tions have been rendered. *See United States v. Barton,* 11 M.J. 621 (C.G.C.M.R.1982). Under the interpretive status of decisional law and the circumstances of this case, it is clear that the military judge, here, did not exceed his discretion or scope of authority by dismissing the drug offense specifications.