UNITED STATES

v.

David Guy STOOKEY, 482 74 3571, Seaman Apprentice (E–2), U. S. Navy.

NMCM 82 4161.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 25 Nov. 1981.

Decided 2 Nov. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

LCDR R. Clayton Seaman, Jr., JAGC, USN, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and BARR and MALONE, JJ.

ABERNATHY, Senior Judge:

Appellant has assigned two errors for our consideration:

I

SPECIFICATION 8 OF CHARGE I, WRONGFUL POSSESSION OF MARIJUANA, DUPLICATED THE ALLEGATION OF WRONGFULL USE OF MARIJUANA IN SPECIFICATION 7 OF CHARGE I. *UNITED STATES V. ROMAN–LUCIANO,* 13 M.J. 490 (CMA 1982); *UNITED STATES V. STURDIVANT,* 13 M.J. 323 (CMA 1982).

II

SPECIFICATION 19 AND 20 OF CHARGE I (WRONGFULL USE AND POSSESSION OF MARIJUANA) ESSENTIALLY DUPLICATE THE ALLEGATION OF UNLAWFUL TRANSFER OF MARIJUANA IN SPECIFICATION 19 OF CHARGE I. (Citations omitted)

We do not believe that the evils noted in *United States v. Sturdivant,* 13 M.J. 323 (CMA 1982) are present under the facts of this case, especially since we are here concerned with guilty pleas in a special court-martial tried by military judge only. Accordingly, no relief is considered necessary or appropriate.

We note with interest that two of the specifications to which appellant pleaded guilty involved his use and possession of marijuana "at a party at his off-base residence, a party attended by naval service personnel, some assigned to [appellant's

parent command]." No objection to these specifications was made by the members of the defense team, either at trial or on appeal. Another pair of specifications alleged that appellant possessed and used marijuana "in the presence of other naval service personnel" from appellant's unit "while enroute to Gainesville, Florida."

 Given our understanding of the law as enunciated in *United States v. Trottier,* 9 M.J. 337 (CMA 1980), we hold that the above-quoted specifications are sufficient, facially, to allege "service-connection" and, therefore, to be the proper subjects of prosecution and punishment by the military. *See United States v. Labella,* 14 M.J. 688 (NMCMR 1982).

What is abundantly clear is that the Court in *Trottier* announced a major shift in its interpretation of the phrase "service connection" as applied to drug offenses. Contrary to the restrictive reading of that case by some military judges, *Trottier* is *not* limited in its application to offenses involving the sale of controlled or prohibited substances. The reach of the decision extends to *ANY* illegal conduct which touches marijuana, narcotic substances or other controlled substances—sale, transfer, possession, use, possession with intent to distribute. Furthermore, we are of the opinion that the *Trottier* "footnote 28" examples are the *only* exceptions to finding service-connection when drug offenses are involved. We would also suggest that, as to the first example, the term "military community" must be given the most expansive of readings. Thus, a service member in a leave status, but remaining within the local civilian community or communities which surround the base to which the member is attached, cannot rely on the "footnote 28" exception to avoid military jurisdiction. This is all the more true where the member "entertains" other service personnel at his off-base residence by hosting parties at which drug use or abuse takes place. Under such circumstances, it is the impact on the military community and its mission, rather than geographical considerations, which controls. We must recognize that

drug use and possession is equally as inimical to the ability of the armed services "to perform (their) constitutional duty to fight—and to be fully prepared to fight—to protect this country's national interests" as is the sale and transfer of such drugs.

The findings of guilty and the sentence as approved on review below are affirmed. We specifically find an unsuspended punitive discharge to be an appropriate punishment in this case.

Judge BARR and Judge MALONE concur.