UNITED STATES

v.

Gregory Michael GEORGE, 301 54 0213, Hospitalman (E–3), U. S. Navy.

NMCM 82 3013.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Feb. 1982.

Decided 30 Nov. 1982.

MAJ James P. Axelrod, USMC, Appellate Defense Counsel.

LT Stephen R. Cochell, JAGC, USNR, Appellate Defense Counsel.

CDR Jay M. Siegel, JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and KERCHEVAL and BARR, JJ.

PER CURIAM:

Appellant was found guilty at a special court-martial pursuant to his pleas, of five specifications of possession, sale, and transfer of a controlled substance in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. Sentenced by members, appellant was awarded confinement at hard labor for three months, reduction to pay grade E–1, and a bad-conduct discharge. The convening and supervisory authorities approved the sentence as awarded.

Appellant has presented the following assignments of error for our consideration:

## I

THE FIVE SPECIFICATIONS UNDER THE SINGLE CHARGE FAILED TO SUFFICIENTLY ALLEGE SUBJECT MATTER JURISDICTION OVER THE OFFENSES.

## II

THE PLEAS OF GUILTY TO THE FIVE SPECIFICATIONS UNDER THE SOLE CHARGE WERE IMPROVIDENT AS THE MILITARY JUDGE FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION OVER THE APPELLANT.

In his first assignment of error, appellant, citing *United States v. Alef*, 3 M.J. 414 (C.M.A.1977), claims for the first time on this appeal that the five specifications by which he was charged failed to sufficiently allege subject matter jurisdiction over those offenses. Each specification is similarly worded and reads as follows:

In that Hospitalman Gregory Michael George, U.S. Navy, Naval Regional Medical Center Memphis, Millington, Tennessee, did at Memphis, Tennessee, on or about 16 September 1981, violate a lawful general regulation to wit: Article 1151, U.S. Navy Regulations, 1973, by wrongfully [possessing/transferring/selling drugs].

In *Alef*, the U.S. Court of Military Appeals sought to provide a mechanism to cure what it perceived as deficiencies in the process by which the basis of jurisdiction is made known to an accused, and the quantity and quality of evidence which must be presented to sustain an attack upon that jurisdiction by motion. *Id.* at 418–19. The cure mandated in *Alef* was for the government "affirmatively to demonstrate through sworn charges/indictment the jurisdictional basis for trial of the accused and his offenses." *United States v. Alef, supra,* at 419. The remedy for a government breach of the *Alef* pleading mandate, however, is not one that can be fashioned at the appellate level. On the same issue regard-

**992**

ing *in personam* jurisdiction, we noted in *United States v. Hatley,* 14 M.J. 890 (N.M. C.M.R.1982), that:

> Appellate courts do not draft pleadings; they are thus impotent to provide the notice of jurisdictional facts which is an essential aspect to the holding in *Alef* . . . We are of the opinion, therefore, that because the remedies to correct lie solely with a trial court, the right to challenge an alleged deficiency in the pleadings is waived if not raised at trial. *See* paragraph 69*b,* MCM. To conclude otherwise would result in the application of the remedy of paragraph 68*b*(3) for a paragraph 69*b* violation.

*Id.* at page 897.

■ A breach of the *Alef* pleading mandate, however, need not concern us here, as subject matter jurisdiction was correctly alleged. This can readily be seen in light of *United States v. Trottier,* 9 M.J. 337 (C.M. A.1981). In *Trottier,* the U.S. Court of Military Appeals came to the conclusion that "almost every involvement of service personnel with the commerce in drugs is service connected". *Id.* at 350.[1] At the time *Alef* was decided, in the wake of *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), the jurisdictional basis upon which off-base drug offenses rested was uncertain, if it existed at all. Prudence dictated extensive exposition of jurisdictional factors in drug offense specifications in an attempt to comply with *Alef. See e.g. United States v. Blake,* 6 M.J. 690 n. 1 (N.C.M.R.1978). This uncertainty was done away with to a large extent in *Trottier.* Lack of jurisdiction where a servicemember is involved in drugs is now the exception—the unusual case. Meticulous pleading no longer serves the same purpose it once did.

*Trottier* noted that "we do not in any manner affect the requirement articulated in *Alef* that the specification must adequately allege subject matter jurisdiction in

the court-martial. Of course, what factors are sufficient to do so may now have changed by virtue of this opinion." *United States v. Trottier, supra,* at 351 n. 30. We are of the opinion that those factors have indeed changed. As we noted in *United States v. Stookey,* 14 M.J. 975 (NMCMR 1982), it is now abundantly clear that *Trottier* announced a major shift in its interpretation of the phrase "service connection" as applied to drug offenses. After *Trottier,* the jurisdictional foundation in a service connected drug case is the *mere fact* of illegal drug involvement, unless one of the two "footnote 28" exceptions apply.

■ Logic would now seem to dictate that a specification will be sufficient in both form and substance to provide adequate notice to an accused as to the basis for subject-matter jurisdiction even if it only alleges the mere fact of illegal drug involvement. *Alef* mandates that the government plead the relevant *Relford* criteria; after *Trottier* the relevant criterion is illegal drug involvement. This sufficiently places the accused on notice of what jurisdictional basis the government is urging; if elaboration is believed necessary the accused can always make a motion for further particulars. *See United States v. Hatley, supra,* at 897. Thus, in the instant case, by asserting that the appellant "wrongfully possessed/transferred/sold drugs" the government complied with the *Alef* mandate.

■ The defense has an affirmative duty to question the jurisdictional basis of alleged offenses at the trial level when properly placed on notice by the government. If, as in the instant case, the pleading avers the fact of illegal drug involvement, then the defense is properly put on notice. Unless a motion is made under paragraph 69*b, Manual for Courts-Martial, 1969 (Rev.)* (MCM), that the defense needs more elaboration as to the jurisdictional

---

1. The Court noted in footnote 28 two possible exceptions: 1) the use of marijuana by a serviceperson on a lengthy period of leave away from the military community; and 2) the sale of a small amount of a contraband substance by a military person to a civilian for the latter's personal use.

issue in the pleading, the right to complain is thereafter waived. This right to complain, in contrast with a motion raised under paragraph 68*b*(3), MCM, does not survive through the appeal process. *See United States v. Hatley, supra,* at 894.

In the instant case the appellant never claimed that the court lacked jurisdiction to try him; his sole grievance lies in the form of the pleading. We hold that the pleading sufficiently meets the *Alef* mandate in light of the *Trottier* decision. If the defense counsel had needed further elaboration, he should have made a motion under paragraph 69*b*, MCM.

In his second assignment of error, appellant claims that his pleas were improvident in that the military judge did not elicit facts during the providency inquiry which would have established subject matter jurisdiction over the appellant. Appellant contends that even in the absence of a motion to dismiss/quash for lack of jurisdiction, the military judge had an independent responsibility during providency to establish that the *Relford* service-connection criteria had been satisfied. The thrust of appellant's argument is that by not ascertaining exactly where the transactions in Memphis occurred, the military judge did not have enough knowledge of the facts and circumstances of the offenses in order to make a determination of whether subject matter jurisdiction existed.

 We disagree. The military judge elicited from the appellant during providency that the appellant had sold the drugs to a member of the naval service. This alone satisfies the jurisdictional requirements of *Trottier. See United States v. Norman,* 9 M.J. 355 (C.M.A.1981). The military judge does not have an independent responsibility to initiate an independent inquiry into possible defenses, in this case, lack of jurisdiction. The defense has the affirmative duty to question the jurisdictional basis of alleged offenses. The pleadings themselves put the defense on notice of the jurisdictional basis the government was asserting. By remaining silent the appellant gave the military judge no reason to doubt the face of the pleadings and no cause to inquire into jurisdictional matters not in issue. Until such an issue is raised, either by motion or by the accused's responses during inquiry into the elements of the offense, there is no need that the military judge go beyond the four corners of the specification. *See* Article 45(a), UCMJ; *United States v. Ballard,* No. 79 0556 (N.C.M.R. 21 September 1979); *United States v. Jaakola,* No. 79 0857 (N.C. M.R. 30 November 1979). Neither *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), nor *Alef* requires otherwise. Accordingly, the military judge's *Care* inquiry in this case was acceptable and we therefore find the appellant's guilty pleas to the specifications to have been provident.

The findings of guilty and the sentence as approved on review below are affirmed.