**UNITED STATES Petitioner,**

v.

**Thomas W. MITCHELL, Lieutenant Commander (O–4) Judge Advocate General's Corps U.S. Navy Special Court-Martial Judge, Respondent,**

**and**

**Constance E. Flint 228 86 1286 Tradesman Second Class (E–5) U.S. Navy, Real Party in Interest.**

**Miscellaneous Docket No. 82–17.**

U. S. Navy-Marine Corps Court of Military Review.

26 Jan. 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LT William V. Cerbone, Jr., JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge, and CASSEL and MAY, JJ.

SANDERS, Senior Judge:

In accordance with applicable regulations, Petty Officer Flint's command directed that on 16 August 1982 personnel whose social security number ended with the numeral "6" submit a urine sample to determine if

they had used marijuana. Since Petty Officer Flint was not present that day she was ordered to supply a specimen when she arrived the following day. When she was unable to do so she was escorted to the command's library and instructed to remain and drink fluids until she could supply the specimen. She did as she was told and the subsequent urinalysis was positive.

At her trial for the use of marijuana on or about 17 August 1982, the respondent ruled that evidence of the results of this urinalysis was barred by Mil.R.Evid. 312(e).

Petitioner now prays that this Court issue a writ of mandamus directing the respondent to reverse his ruling. We decline to do so.

While I have reservations concerning the respondent's interpretation of the rules of evidence, we find his ruling neither in clear violation of precedent nor patently inconsistent with the commentaries and hence within his discretion to make. *United States v. LaBella,* 14 M.J. 688 (N.M.C.M.R. 1982).

Accordingly, petitioner's request is denied. The record is submitted to the Judge Advocate General for return to the military judge for such further proceedings as may be appropriate.

CASSEL, Judge (concurring):

Petitioner has requested that this Court direct the military judge to reverse his ruling suppressing the results of a urinalysis test administered to a serviceperson because the military judge found a failure to comply with Mil.R.Evid. 312(e) and Mil.R.Evid. 315 when the evidence was offered as being the product of a proper inspection under Mil.R. Evid. 313.

The decision of the military judge was:
Assuming, without deciding in this particular case, that overall urinalysis is a suitable subject for an inspection under 313, and that all the other preliminary requirements of 313 are met in this case, the court does feel that 313(a) does require that the inspections of 313—the evidence produced by inspections in rule 313

are admissible and relevant when not otherwise inadmissible under the rules; thereby indicating that Rule 313 must be read in conformity with the balance of the Rules of Evidence; and further, that in 313(b) it is specifically referred that 313(b) must comply with the provisions of 312 where applicable. In this particular instance, section 312(e) provides "that the compelling of a person to ingest substances for the purpose of locating property described above ..." reading, "weapons, contraband, or evidence of crime," "... or to compel the bodily elimination of such property, is a search within the meaning of this section", and that under this particular Rule, such a search may be made only upon warrant or authorization under Rule 315, conducted in a reasonable fashion, and with appropriate medical personnel where necessary. In this particular instance, the compelling of the accused to ingest fluid for the purpose of eliminating her urine, that is, producing a specimen, takes this case out of 313 and puts it into 312. In-as-much as there was no search warrant or authorization issued under Rule 315, the evidence received or discovered as a result of the urinalysis is not admissible at court-martial.

Even though this Court could grant the relief requested by the Government in this instance I am reluctant to do so. While I find the legal sophistry employed by the trial judge to be an attempt to emasculate the clearly expressed purpose of the drafters of the Military Rules of Evidence that the rules concerning searches not be applied to an inspection or inventory conducted under Mil.R.Evid. 313, I have found no reported case, before this one, which clearly stated that the providing of a *reasonable* amount of water to enable a person to naturally produce a urine sample for an admittedly valid inspection under the guidelines of Mil.R.Evid. 313 does not make applicable, by itself, the requirement of probable cause and the imposition of the guidelines of Mil.R.Evid. 315.

We need not grant the relief requested at this time since this opinion serves as notice

to Military Judge Mitchell that his legal interpretation of Mil.R.Evid. 313 was incorrect *and* the convening authority may still, under paragraph 67f *Manual for Courts-Martial, 1969 (Rev.),* return the record to the military judge for reconsideration of his previous legal ruling. Thus, the situation is not the same as occurred in *United States v. Ware,* 1 M.J. 282 (C.M.A.1976).

MAY, Judge (dissenting):

While I recognize that the principal and concurring opinions of my brothers represent the present majority view of this Court, *United States v. Van Slate,* 14 M.J. 872 (N.M.C.M.R.1982); *United States v. Labella,* 14 M.J. 688, 689–90; *United States v. Breen,* 11 M.J. 559 (N.C.M.R.1981), I dissent here for the reasons stated in my dissent in *Van Slate.* Certainly this Court should not intervene via the substitution of mere subjective interpretation of a trial judge's discretionary ruling. Here, however, the trial judge's decision was objectively unreasonable and thus a clear abuse of discretion which should be subject to controlled, measured, and necessary appellate intervention.