UNITED STATES, Petitioner,

v.

John F. DUNLAP, Commander, JAGC, U.S. Navy Military Judge, Respondent.

Misc. Dkt. No. 82–16.

U. S. Navy-Marine Corps Court of Military Review.

Decided 15 April 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

CDR Richard A. Monteith, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

## OPINION

PER CURIAM:

Petitioner seeks an order directing respondent to apply the correct standard of law and to deny the defense motion to suppress. Petitioner further seeks an immediate stay of proceedings pending resolution of its petition. We view the request as one seeking a writ of mandamus. The military judge's decision in the case would have the effect of a dismissal. The petition is granted.

A writ of mandamus is available to confine an inferior court to a lawful exercise of its jurisdiction or to compel it to exercise its authority when the duty exists. Exceptional circumstances, amounting to a judicial abuse of discretion, justify the invocation of this extraordinary remedy. *United States v. Labella*, 14 M.J. 688 (N.M.C.M.R.1982); *United States v. Wholley*, 13 M.J. 574 (N.M.C.M.R.1982).[1]

We have examined the in-court testimony and associated evidence and have assessed the conflicting contentions of the parties. We have determined that the trial judge's ruling is not supported, upon objective evaluation, by recognized legal authority. His ruling is clearly contrary to the facts and decisional law. We conclude that he abused his discretion and that extraordinary relief is necessary to confine him to the proper application of his discretion. *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979).

This case is controlled by *United States v. Harris*, 5 M.J. 44 (C.M.A.1978) as explained in *United States v. Vargas*, 13 M.J. 713 (N.M.C.M.R.1982). *Harris* does not limit the discretion of the person conducting a gate inspection of randomly-selected vehicles, except that an inspector cannot infringe on the Constitutional rights of the vehicle's owner or occupants. We echo the language of *Vargas:*

> It is imperative that once a vehicle is randomly selected for search, some discretion as to the extent of that search be permitted in order to meet the needs and contingencies of the situation. In the instant case the search was clearly reasonable and did not violate the rights of appellant.

*United States v. Vargas, supra* at 715. In this case, incriminating evidence was discovered under the arm rest of the front seat of the vehicle, undoubtedly a reasonable place for the inspector to look.

The trial judge clearly abused his discretion when he found that the Naval Amphibious Base policy dictates that, if contraband is found during an inspection, the inspection is to be terminated and a search authorization obtained from the Commanding Officer or his designee. The evidence of record does not support his finding. He also abused his discretion when he found, without any factual basis, that this policy is intended to protect and broaden the Constitutional rights of the subject of an inspection program. Finally, the trial judge ignored the decisional law previously discussed.

The record of trial is returned to the military judge for action consistent with our decision.

---

1. At 14 M.J. 284, the Court of Military Appeals vacated the Navy-Marine Corps Court of Military Review decision in *United States v. Wholley*, 13 M.J. 574 (N.M.C.M.R.1982), and remanded the case to that court with directions to dismiss the proceedings as moot.